In the Matter of an ANONYMOUS MEMBER OF THE BAR, Respondent.

(400 S.E. (2d) 483)

Supreme Court

Jan. 18, 1991.

ORDER

This attorney grievance matter arises out of respondent's representation of a criminal defendant. The issue is the duty of an attorney, retained for purposes of trial only, to assist his client in perfecting an appeal. We hold the attorney must serve and file the Notice of Appeal to protect the client's right to appeal.

After the client is convicted and sentenced, trial counsel in all cases has a duty to make certain that the client is fully aware of the right to appeal. *White v. State*, 263 S.C. 110, 208 S.E. (2d) 35 (1974); Comment to Rule 1.3, Rules of Professional Conduct.[1] Counsel should give the client his professional judgment whether an appeal should be taken and ascertain whether the client wishes to appeal.

If the client wishes to appeal and is indigent or claims at the end of trial to be indigent, trial counsel (whether appointed or retained) must serve and file a Notice of Appeal as required by Rule 203, SCACR, and request a determination of indigency by the Office of Appellate Defense. If determined to be indigent, trial counsel is automatically relieved as counsel unless otherwise requested by the Office of Appellate Defense. Rule 602(E)(4), SCACR. If determined not to be indigent, counsel must continue to represent the client until relieved by the Court under Rule 235, SCACR. *Id.*

If the client is clearly not indigent, the obligations of retained counsel whose client wishes to appeal are less clear. Because he has been retained solely for the purpose of trial, counsel is effectively withdrawing when the trial ends. Therefore, under Rule 1.16 of the Rules of Professional Conduct, counsel is required to take all necessary steps as may be reasonably practicable to protect the client's interests.

---

[1] The Rules of Professional Conduct (RPC) are contained in Rule 407, SCACR. Although this matter arose prior to the effective date of the SCACR, we have cited to the new appellate court rules because it will be more beneficial to the practitioner. The same or similar provisions existed under the Supreme Court Rules. *Compare* Comment to Rule 1.3, RPC *with* EC 2-31, Supreme Court Rule 32; Rule 1.16, RPC, *with* DR 2-110(A)(2), Supreme Court Rule 32; Rule 203, SCACR, *with* Supreme Court Rule 1; Rule 235, SCACR, *with* Supreme Court Rule 3; and Rule 602, SCACR, *with* Supreme Court Rule 51.

The requirement to take reasonable steps to protect the client requires counsel retained only for the trial to serve and file the Notice of Appeal and to continue to represent the client until relieved by this Court under Rule 235, SCACR.[2] The attorney may be relieved if he shows that he was not hired to represent the non-indigent client on appeal.[3]

The Executive Committee recommended respondent ■ receive a private reprimand for failing to perfect an appeal on behalf of his non-indigent client. We decline to impose such a sanction here in light of the novel issue raised. Accordingly, the complaint against respondent is

Dismissed.

---

[2] We recognize this requirement to serve and file the Notice of Appeal may impose a requirement beyond that which might be considered reasonable under the circumstances of a particular case. For instance, advising the non-indigent of his right to appeal and advising him to hire other counsel might be reasonable under Rule 1.16 if the client has not been incarcerated and has access to other attorneys. In our opinion, however, the bright line requirements we impose today are preferable to deciding what is reasonable on a case by case basis. This is particularly so in light of the minimal effort counsel must make to serve and file the Notice of Appeal, and the relatively short period of time in which the Notice must be served.

[3] If he is being hired solely for the purpose of trial, counsel should have this limitation included in a written agreement with his client. This will avoid later disputes about the scope of representation.