## 23584

In the Matter of Thomas A. LIMEHOUSE, Respondent.

(414 S.E. (2d) 783)

Supreme Court

*Atty. Gen. T. Travis Medlock* and *Asst. Atty. Gen. James G. Bogle, Jr.*, Columbia, *for complainant.*

*Andrew J. Savage, III*, Charleston, *for respondent.*

Submitted Jan. 27, 1992.

Decided Feb. 24, 1992.

*Per Curiam:*

In this attorney grievance proceeding, respondent admits that he has committed ethical violations and consents to an indefinite suspension from the practice of law in this State. We accept respondent's admission. The facts surrounding the matter are as follows.

Respondent pled guilty in federal district court to two charges arising out of "Operation Lost Trust." One charge alleged that respondent, who was then a member of the South Carolina House of Representatives, did conspire to commit extortion in violation of 18 U.S.C.A. § 1951 (1984) by conspiring with others to obtain support for a pari-mutuel betting bill in exchange for money. This charge further alleged that respondent did, in fact, receive $2,000 in exchange for promising his vote and support for the bill.

The other charge alleged that respondent did tamper with a witness in violation of 18 U.S.C.A. § 1512(b)(1) and (3) (Supp. 1991) by attempting to influence, prevent or hinder a witness from communicating with a federal law enforcement officer. Respondent was sentenced to twenty (20) months on each charge, to be served concurrently, supervised release for three (3) years, and a fine of $15,000. Respondent is currently serving his sentence.

Respondent has been convicted of serious crimes as defined by paragraph 2(P) of the Rule on Disciplinary Procedure, Rule 413, SCACR. Further, he has engaged in conduct that is prejudicial to the administration of justice, that adversely reflects upon his fitness to practice law, and that tends to bring the courts and the legal profession into disrepute. The record

demonstrates that respondent provided valuable assistance to the Government in the prosecution of others in "Operation Lost Trust." Under these circumstances, we have decided to accept his conditional admission for an indefinite suspension.

It is therefore ordered that respondent shall be indefinitely suspended from the practice of law in this State. Respondent shall file an affidavit with the Clerk of Court, within ten (1) days of service of this opinion, showing that he has complied with Paragraph 30 of Rule 413, SCACR.

Indefinite suspension.