24070

In the Matter of James C. "Tee" FERGUSON, Respondent.

(443 S.E. (2d) 905)

Supreme Court

*Attorney Gen. T. Travis Medlock* and *Asst. Atty. Gen. James G. Bogle, Jr.,* Columbia, *for complainant.*

*W. Gaston Fairey* and *Wilburn Brewer, Jr.,* Columbia, *for respondent.*

*Robert W. Dibble, Jr.,* Columbia, *Guardian ad Litem for respondent.*

Submitted March 30, 1994.

Filed May 9, 1994.

*Per Curiam:*

In this attorney grievance proceeding, respondent admits that he has committed ethical violations and consents to an indefinite suspension from the practice of law in this State. We accept respondent's admission. The facts surrounding the matter are as follows.

The ethical violations committed by respondent arise from his involvement in the federal sting operation known as Operation Lost Trust. Respondent was found guilty of conspiracy to commit extortion in violation of 18 U.S.C. § 1951 and extortion under color of official right in violation of 18 U.S.C. §§ 1951 and 1952. Respondent pled guilty to conspiracy to possess cocaine in violation of 21 U.S.C. §§ 884(a) and 846. Respondent entered a plea of *nolo contendere* to three counts of intentional possession of cocaine in violation of 21 U.S.C. § 844(a).

Respondent was sentenced to 33 months' imprisonment for conspiracy to commit extortion and extortion under color of official right and three years of supervised release upon release from imprisonment. Respondent was sentenced to seven months' imprisonment for conspiracy to possess cocaine and intentional possession of cocaine and one year of supervised release upon release from imprisonment. All of the sentences were ordered to run concurrently.[1]

Respondent has been convicted of serious crimes as defined by paragraph 2(P) of the Rule on Disciplinary Procedure, Rule 413, SCACR. Further, he has engaged in conduct prejudicial to the administration of justice, which adversely reflects upon his fitness to practice law, and tends to bring the courts and the legal profession into disrepute. Under these circumstances, we accept respondent's conditional admission for an indefinite suspension.

It is therefore ordered that respondent shall be indefinitely suspended from the practice of law in this State. This suspension shall be retroactive to September 22, 1992, the date on which he was temporarily suspended from the practice of law.

---

[1] As a result of these convictions, respondent, in his capacity as a former circuit court judge, received a public reprimand from this Court on September 20, 1993. *In the Matter of James Cleveland Ferguson,* — S.C. —, 437 S.E. (2d) 72 (1993).

Respondent shall file an affidavit with the Clerk of Court, within fifteen (15) days of the date of this opinion, showing that he has complied with Paragraph 30 of Rule 413, SCACR.

Indefinite suspension.

FINNEY, J., not participating.