518 S.E.2d 264

**In the Matter of Jeff M. LONG, Jr., Respondent.**

Supreme Court of South Carolina.

July 22, 1999.

## ORDER

Respondent pled guilty to one count of violating Section 1001 of Title 18 of the United States Code by knowingly and

willfully making a false statement of a material fact in a matter within the jurisdiction of a department or agency of the United States. Disciplinary Counsel has filed a petition seeking to have respondent placed on interim suspension pursuant to Rule 17, RLDE, Rule 413, SCACR, and seeking the appointment of an attorney pursuant to Rule 31, RLDE, Rule 413, SCACR. Respondent has filed a return in opposition to the petition.

IT IS ORDERED that the petition is granted and respondent is suspended from the practice of law in this state until further order of this Court.

IT IS FURTHER ORDERED that John C. Thomas, Esquire, is appointed to assume responsibility for respondent's client files, trust account(s), escrow account(s), operating account(s), and any other law office accounts respondent may maintain. Mr. Thomas shall take action as required by Rule 31, RLDE, Rule 413, SCACR, to protect the interests of respondent's clients, including, but not limited to, notifying respondent's clients of their right to engage other counsel. Mr. Thomas may make disbursements from respondent's trust account(s), escrow account(s), operating account(s), and any other law office accounts respondent may maintain that are necessary to effectuate this appointment.

This Order, when served on any bank or other financial institution maintaining trust, escrow and/or operating accounts of respondent, shall serve as an injunction to prevent respondent from making withdrawals from the account(s) and shall further serve as notice to the bank or other financial institution that John C. Thomas, Esquire, has been duly appointed by this Court.

Finally, this Order, when served on any office of the United States Postal Service, shall serve as notice that John C. Thomas, Esquire, has been duly appointed by this Court and has the authority to receive respondent's mail and the authority to direct that respondent's mail be delivered to Mr. Thomas' office.

/s/ Ernest A. Finney, Jr., C.J.
FOR THE COURT