551 S.E.2d 586

**In the Matter of Jefferson M. LONG, Jr., Respondent.**

**No. 25336.**

Supreme Court of South Carolina.

Heard June 20, 2001.
Decided July 30, 2001.

Russell B. Long, of Myrtle Beach, for respondent.

Attorney General Charles M. Condon and Assistant Attorney General Tracey C. Green, both of Columbia, for the Office of Disciplinary Counsel.

PER CURIAM:

In this attorney disciplinary proceeding, the sub-panel and the full panel recommended an indefinite suspension. We impose a two-year definite suspension.

## FACTS

The Commission on Lawyer Conduct filed formal charges against respondent, Jefferson M. Long, Jr., regarding two client matters and his guilty plea in federal court. Respondent was placed on interim suspension on July 22, 1999. *In re Long*, 335 S.C. 584, 518 S.E.2d 264 (1999). Respondent did not answer the formal charges and was not present at the hearing. However, in a letter to the Court dated December 5, 2000, he acknowledged the pending disciplinary charges and admitted the infractions alleged against him. In the letter, respondent sought to tender his resignation from the practice of law.

### *Criminal Conviction*

Respondent pled guilty to one count of violating Section 1001 of Title 18 of the United States Code by knowingly and

willfully making a false statement of a material fact in a matter within the jurisdiction of a department or agency of the United States. Respondent's plea arose out the federal sting operation "Operation Lost Trust."

## *Client A Matter*

Respondent was retained to represent Client A in a criminal matter. Despite Client A's requests, respondent failed to perfect an appeal as required by Rule 602, SCACR, and *In re Anonymous Member of the Bar,* 303 S.C. 306, 400 S.E.2d 483 (1991).[1] Client A also repeatedly requested his file; however, respondent delayed for an unreasonable amount of time before releasing the file. Respondent failed to properly communicate with Client A regarding his conviction and appeal.

## *Client B Matter*

Respondent was retained to represent Client B in a criminal matter. Despite Client B's requests, respondent failed to perfect an appeal as required by Rule 602, SCACR, and *In re Anonymous Member of the Bar,* 303 S.C. 306, 400 S.E.2d 483 (1991). Respondent incorrectly advised Client B that he had no grounds for appeal and failed to properly communicate with Client B regarding his conviction and appeal.

## DISCUSSION

The authority to discipline attorneys and the manner in which the discipline is given rests entirely with the Supreme Court. *E.g., In re Yarborough,* 337 S.C. 245, 524 S.E.2d 100 (1999). Because respondent failed to answer the formal charges against him, this failure constitutes an admission of the factual allegations. *See* Rule 24(a), RLDE, Rule 413, SCACR. Consequently, we need only determine the appropriate sanction for respondent. *See In re Rast,* 337 S.C. 588, 524 S.E.2d 619 (1999); *In re Thornton,* 327 S.C. 193, 489 S.E.2d 198 (1997).

---

1. In the case of *In re Anonymous,* the issue was whether an attorney, retained for purposes of a criminal trial only, must assist his client in perfecting an appeal. The Court held that where the client desires an appeal, the attorney must serve and file the Notice of Appeal to protect the client's right to appeal.

■ Respondent violated several Rules of Professional Conduct by: (1) failing to provide competent representation; (2) failing to abide by a client's decisions regarding the scope of representation; (3) failing to diligently represent a client; (4) failing to properly communicate with a client; (5) failing to safekeep a client's property; (6) improperly terminating representation of a client; (7) failing to properly serve as an advisor to a client; and (8) violating the rules of professional conduct; (9) committing a criminal act reflecting adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer in other respects; (10) engaging in conduct involving moral turpitude; (11) engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation; and (12) engaging in conduct prejudicial to the administration of justice. *See* Rules 1.1, 1.2, 1.3, 1.4, 1.15, 1.16, 2.1, & 8.4, RPC, Rule 407, SCACR.

Additionally, respondent violated the Rules for Lawyer Disciplinary Enforcement by: (1) violating the Rules of Professional Conduct; (2) failing to respond to a lawful demand from a disciplinary authority; (3) being convicted of a serious crime; (4) engaging in conduct tending to pollute the administration of justice or to bring the courts or the legal profession into disrepute or conduct demonstrating an unfitness to practice law; and (5) violating the oath of office taken upon admission to practice law in this state. *See* Rule 7(a), RLDE, Rule 413, SCACR.

In other disciplinary cases involving criminal convictions stemming from "Operation Lost Trust" we have imposed both a definite and an indefinite suspension. *See In re Ferguson,* 314 S.C. 278, 443 S.E.2d 905 (1994) (indefinite suspension); *In re Limehouse,* 307 S.C. 278, 414 S.E.2d 783 (1992) (indefinite suspension); *In re Crow,* 308 S.C. 128, 417 S.E.2d 534 (1992) (six-month definite suspension). We find that respondent's criminal conviction relating to "Operation Lost Trust" and his misconduct in the two client matters warrant the sanction of a two-year definite suspension.

Accordingly, respondent is definitely suspended from the practice of law for two years, retroactive to the date of his interim suspension. We will reconsider respondent's letter of resignation at the end of the definite suspension. Furthermore, we order respondent to pay the costs of these disciplin-

ary proceedings to the Commission on Lawyer Conduct within 30 days of the date of this opinion. Respondent shall file an affidavit with the Clerk of Court, within 15 days of the date of this opinion, showing that he has complied with Rule 30, RLDE, Rule 413, SCACR.

**DEFINITE SUSPENSION.**

TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.