587 S.E.2d 107

**In the Matter of Susan B. OLIVER, Respondent.**

No. 25721.

Supreme Court of South Carolina.

Heard June 10, 2003.
Decided Sept. 29, 2003.

Henry B. Richardson, Jr., and Senior Assistant Attorney General James G. Bogle, Jr., both of Columbia, for the Office of Disciplinary Counsel.

Coming B. Gibbs, Jr., of Charleston, for respondent.

PER CURIAM:

In this attorney disciplinary matter, the Commission on Lawyer Conduct filed formal charges against respondent Susan Oliver. Respondent filed an answer admitting the charges, but requesting the charges against her be dismissed. After a hearing, the Panel recommended respondent be given a public reprimand.

6

**FACTS**

On March 21, 1996, respondent was placed on disability inactive status pursuant to former Rule 413, SCACR.[1] Prior to being placed on disability inactive status, respondent represented a client in a workers compensation matter. On November 30, 1995, a settlement payment, in the amount of $15,498 was received on the client's behalf. Of this amount, respondent's fee and costs were $5,310, giving the client a net amount of $10,188. After respondent took $2,000 cash out of the amount, the rest was deposited into respondent's trust account. Respondent did not timely disburse the proceeds to her client.

During December 1995 and January 1996, respondent wrote a series of checks on her trust account, payable to "cash" and other personal expenses, reducing the balance in the trust account to $8,453.69.

Respondent was committed to a mental health facility and remained there from January 26, 1996, to March 6, 1996. After her release, respondent obtained funds from family members and the remaining funds in her trust account to pay the client.

The Panel found respondent misappropriated approximately $1,734.31 from the client, and at the time these misappropriations occurred, respondent was suffering from the symptoms of her bipolar disorder.[2]

### Panel's Findings

The Panel found that respondent has committed the following violations from Paragraph 5 of the Rule on Disciplinary Procedure, former Rule 413, SCACR: (1) violation of the oath of office taken upon admission to practice law, (2) violation of a rule of professional conduct, (3) conduct tending to pollute the administration of justice or bring the courts or legal profession into disrepute or conduct demonstrating an unfitness to practice law, and (4) conduct in violation of the Rules on Trust Accounts of Attorneys. The Panel further found that respon-

---

1. At the hearing, respondent testified she has been treated for bipolar disorder since 1984.

2. The full Panel adopted the Subpanel's report.

dent has violated the following Rules of Professional Conduct, Rule 407, SCACR: (1) Rule 1.1, competence; (2) Rule 1.3, diligence; (3) Rule 1.4, communication; (4) Rule 1.15 safekeeping of property; and (5) Rule 8.4, misconduct.

When determining how to discipline respondent, the Panel noted that in severe cases this Court has refused to accept impairment as an excuse or defense to a charge of misconduct. However, the Panel noted that in this case, the misappropriation occurred over a very short period of time, was relatively minor, and was immediately repaid by respondent upon her release from the hospital. The Panel was impressed with respondent's honesty and desire for rehabilitation and was convinced that respondent's failings did not represent a willingness to allow wrongdoing, but were the result of a single, isolated incident of mental illness. The Panel, therefore, recommended respondent be publicly reprimanded. The Panel noted respondent would remain on disability inactive status until further order of this Court.

## DISCUSSION

The authority to discipline attorneys and the manner in which discipline is given rests entirely with the Supreme Court. *In re Long*, 346 S.C. 110, 551 S.E.2d 586 (2001). The Court may make its own findings of fact and conclusions of law, and is not bound by the Panel's recommendation. *In re Larkin*, 336 S.C. 366, 520 S.E.2d 804 (1999). The Court must administer the sanction it deems appropriate after a thorough review of the record. *Id.*

In a similar case involving misappropriation and subsequent reimbursement by a lawyer suffering bipolar disorder, we ordered a two-year retroactive suspension. *In re Howle*, 294 S.C. 244, 363 S.E.2d 693 (1988). In another case, we ordered a thirty-day suspension for similar misconduct and placed the attorney on disability inactive status. *In re Holler*, 329 S.C. 395, 496 S.E.2d 627 (1998).

Respondent's conduct warrants a serious sanction. However, we conclude a six-month definite suspension is the appropriate sanction given the misappropriation occurred over a short period of time, was relatively minor, and was immediately repaid by respondent upon her release from the hospital.

Accordingly, we definitely suspend respondent for six months, retroactive to the date respondent was placed on disability inactive status, and order her to pay the costs of these disciplinary proceedings. Within fifteen days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that she has complied with Rule 30 of the Rules for Lawyer Disciplinary Enforcement.

**DEFINITE SUSPENSION.**

s/ Jean H. Toal, C.J.

s/ James E. Moore, J.

s/ John H. Waller, Jr., J.

s/ E.C. Burnett, III, J.

s/ Costa M. Pleicones, J.