590 S.E.2d 335

In the Matter of Barry T. WIMBERLY, Respondent.

No. 25756.

Supreme Court of South Carolina.

Heard Nov. 6, 2003.

Decided Dec. 1, 2003.

Henry B. Richardson, Jr., and Michael S. Pauley, both of Columbia, for the Office of Disciplinary Counsel.

Desa A. Ballard, of West Columbia, for Respondent.

PER CURIAM:

This is an attorney disciplinary matter. The full panel adopted the subpanel's report, and recommended that respondent receive a nine-month suspension, and that he be required to pay costs.[1]   Neither party filed exceptions to the report[2] or briefs.  We suspend respondent for 12 months and order him to pay $295 in costs.

## FACTS

The facts are not in dispute.  Respondent, a mortgage broker, was seeking refinancing of a mortgage on behalf of a married couple.  The appraiser questioned whether the marital property would qualify for the refinance loan.  Respondent obtained a letter from the tax assessor's office concerning a separate property.  Using the letter's letterhead and signature as a base, respondent created two purported assessor's letters placing the marital property and another parcel owned by the wife under a single tax map number.  These forged documents were presented to the appraiser, who questioned their validity.  The couple was able to obtain the refinancing without the use of the forged letters.

Respondent was charged with forgery as the result of creating these letters.  The criminal charge was dismissed

---

1.  The costs total $295.

2.  Respondent did file objections to the subpanel's report, but did not renew them after that report was adopted by the full panel.

following respondent's successful completion of a pre-trial intervention program.

## PANEL REPORT

The panel concluded that respondent acted deliberately to mislead respondent's employer, the lender, and the appraiser. It noted that not only did respondent conceive this scheme, but that he also engaged in a serious criminal act in furtherance of it. The panel found respondent violated the following Rules of Professional Conduct contained in Rule 407, SCACR: Rule 8.4(a) (violated the Rules of Professional Conduct); Rule 8.4(b) (committed a criminal act that reflects adversely on his honesty, trustworthiness or fitness as a lawyer); Rule 8.4(c) (engaged in conduct involving moral turpitude); Rule 8.4(d) (engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation); and Rule 8.4(e) (engaged in conduct prejudicial to the administration of justice). Respondent was also found to have violated the following Rules of Lawyer Disciplinary Enforcement, Rule 413, SCACR: Rule 7(a)(1) (violated the Rules of Professional Conduct); Rule 7(a)(5) (engaged in conduct tending to pollute the administration of justice or to bring the courts or the legal profession into disrepute or conduct demonstrating an unfitness to practice law); and Rule 7(a)(6) (violated the oath of office taken upon admission to practice law in this state).

## SANCTION

■ The sole issue before the Court is the appropriate sanction for respondent's admitted misconduct. The panel has recommended a nine-month suspension and payment of $295 in costs. This Court is not bound by the panel's recommendation but "must administer the sanction it deems appropriate after a thorough review of the record." *In re Oliver*, No. 25721, 356 S.C. 4, 587 S.E.2d 107 (2003) (internal citation omitted).

■ Respondent offered evidence in mitigation and relies especially on the fact that he did not 'personally profit' from his wrongdoing, and on the fact that the refinancing was accomplished without reliance on the forged letters. We find the claim that respondent did not profit from his misconduct

disingenuous. No doubt respondent's continued employment as a mortgage broker is contingent on his ability to successfully develop business opportunities, such as this refinancing, for his employer. Further, respondent admitted that he received some part of the $1,260 origination fee generated by this refinancing, thus demonstrating that he profited in a monetary sense from this transaction. Finally, although the refinancing was obtained without the use of the forged letters, this does not negate the fact that respondent gave them to the appraiser with the intent that they would be viewed as genuine. We find that the appropriate sanction for respondent's misconduct is a one-year suspension from the practice of law. As we recently explained, a harsher sanction is warranted where the attorney not only creates a forged document, but also presents it as authentic. *In the Matter of Belding*, No. 25750, 356 S.C. 319, 589 S.E.2d 197 (2003). In the present case, the forged letters were presented to the appraiser as authentic. We find that one year is an appropriate sanction.

Respondent shall, within fifteen days of the filing of this opinion, pay costs in the amount of $295. Further, within fifteen days of the filing of this opinion, respondent shall file an affidavit demonstrating that he has complied with the requirements of Rule 30 of the Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR.

DEFINITE SUSPENSION.

TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.