598 S.E.2d 272

**In the Matter of Gene C. WILKES, Jr., Respondent.**

**No. 25836.**

Supreme Court of South Carolina.

Heard April 8, 2004.

Decided June 14, 2004.

Henry B. Richardson, Jr., Disciplinary Counsel, and Barbara M. Seymour, Assistant Disciplinary Counsel, both of Columbia, for the Office of Disciplinary Counsel.

Thomas C. Brittain, of Myrtle Beach, for Respondent.

PER CURIAM:

This attorney disciplinary matter consolidates multiple matters. After a hearing, the subpanel recommended Respondent be disbarred. We agree with the subpanel, and disbar Respondent from the practice of law in this State.

## PROCEDURAL HISTORY

Respondent was placed on interim suspension on June 27, 2002, and Formal Charges were filed on May 20, 2003. Respondent did not file an answer, and was held in default by consent order dated July 1, 2003. Pursuant to Rule 24(a) of Rule 413, SCACR, the factual allegations in the Formal Charges are deemed admitted by Respondent.

There are multiple matters, which were consolidated for hearing purposes by the subpanel. The following matters involving misconduct are before this Court:

### I. *Real Estate Matter A*

A married couple owned a condominium as tenants in common in Horry County. The husband died in December 1997, leaving his wife as his only heir. No documents were filed in Horry County to effectuate the transfer of husband's half interest in the condominium to the wife.

On July 6, 1998, Respondent closed on the sale of the condominium without discovering or correcting the title defect. Respondent also failed to discover an outstanding tax lien on the property. The deed, which was filed on July 7, 1998, contained an erroneous property description and an incorrect date.

Some time shortly after the closing, a nonlawyer assistant in Respondent's office discovered the error in the property description. The assistant prepared a corrective deed showing the correct property description. The assistant had the corrected deed executed and filed without consulting Respondent. The corrective deed contained a number of errors, including the lack of a date for the execution of the corrective deed, incorrect recording and execution dates of the original deed, and an incorrect reference number.

In January 2001, Respondent attempted to clear the title. His nonlawyer assistant prepared a second corrective deed, which contained some of the same errors as the first corrective deed, and omitted any reference to the first corrective deed. The second corrective deed was prepared at the direction of Respondent, but without his review or supervision.

The subpanel found Respondent violated the following Rules of Professional Conduct found in Rule 407, SCACR: Rule 1.1 (Competence); Rule 1.3 (Diligence); Rule 5.3 (Responsibilities Regarding Nonlawyer Assistants); and Rule 5.5 (Unauthorized Practice of Law).

The subpanel also found that Respondent failed to fully cooperate with Disciplinary Counsel's investigation, in violation of Rule 8.1 of the Rules of Professional Conduct because Respondent failed to respond to the written Notice of Full Investigation and failed to produce requested documents to the Attorney to Assist and to the Office of Disciplinary Counsel (ODC). However, the subpanel acknowledged that Respondent did appear for an interview pursuant to Rule 19(c)(4), RLDE, Rule 413, SCACR, and did produce the closing file in response to Disciplinary Counsel's subpoena.

The subpanel determined that Respondent is subject to discipline in connection with Real Estate Matter A pursuant to Rules 7(a)(1), 7(a)(3), 7(a)(5), and 7(a)(6) of RLDE, Rule 413, SCACR.

## II. *Real Estate Matter B*

John Smith hired Respondent to close on the sale of a condominium in May 2000. At the time of the closing it was discovered that Smith jointly held title with his deceased sister.

Respondent could not attend the closing; therefore, he secured the services of another attorney. That attorney retained approximately $10,000, which was half of the proceeds of the sale, until the issue was resolved. He also withheld $1,000 to cover repairs for which, by the time of the closing, Smith had already paid for directly. Respondent also agreed to resolve the probate matter and clear the title to the property, and the other attorney withheld $525 at closing for

that purpose. Following the closing, the other attorney transferred the withheld funds to Respondent.

The subpanel found that Smith still has not received the full amount of funds withheld at closing, though Respondent returned the $1,000 withheld for repairs following a year of phone calls from Smith. Smith was forced to hire another attorney to resolve the title issues. Further, in November 2001 and in January and April 2002, the balance in Respondent's trust account fell below the amount he was supposed to be holding in trust on Smith's behalf.

The subpanel found that Respondent's conduct in this regard violated the following Rules of Professional Conduct found in Rule 407, SCACR: Rule 1.1 (Competence); Rule 1.2 (Scope of Representation); Rule 1.3 (Diligence); Rule 1.4 (Communication); Rule 1.5 (Fees); Rule 1.15 (Safekeeping of Property); and Rule 1.16 (Declining or Terminating Representation).

The subpanel further found that Respondent failed to fully cooperate with the disciplinary investigation in violation of Rule 8.1 of the Rules of Professional Conduct, in that he did not respond to the initial inquiries of Disciplinary Counsel and did not timely respond to the Notice of Full Investigation. The subpanel found that Respondent did appear for an interview pursuant to Rule 19(c)(4), RLDE, Rule 413, SCACR, and complied with a subpoena for Smith's file.

The subpanel determined that Respondent is subject to discipline pursuant to Rules 7(a)(1), 7(a)(3), 7(a)(5), and 7(a)(6) of RLDE, Rule 413, SCACR.

## III. Tax Conviction Matter

Respondent was arrested in June 2001 on thirteen warrants arising from a South Carolina Department of Revenue investigation. On July 24, 2002, Respondent pled guilty to one count of willful failure to file an individual income tax return and was sentenced to one year imprisonment, suspended upon three years probation and a fine of $1,500, plus assessments. ODC entered into evidence a certified copy of the plea agreement, judgment, and sentence.

Respondent did not report his arrest to ODC or to the Court, did not respond to ODC's inquiries into the matter, and did not respond to the subsequent Notice of Full Investigation. Respondent invoked his Fifth Amendment rights and did not respond to questions regarding the matter at the Rule 19(c)(4) appearance.

The subpanel found that Respondent's conduct violated the following Rules of Professional Conduct found in Rule 407, SCACR: Rule 8.4(b) (Misconduct–Criminal Act); Rule 8.4(d) (Misconduct–Conduct Involving Dishonesty, Deceit, and Misrepresentation); and Rule 8.4(e) (Misconduct–Prejudice to the Administration of Justice). The subpanel also found that Respondent failed to fully cooperate with the disciplinary investigation in violation of Rule 8.1 of the Rules of Professional Conduct because Respondent made no attempt to respond to the Notice of Full Investigation after his conviction.

The subpanel determined that Respondent is subject to discipline pursuant to Rules 7(a)(1), 7(a)(3), 7(a)(4), and 7(a)(5) of RLDE, Rule 413, SCACR.

## IV. *Probate Matter*

Respondent represented Mrs. Doe, who was the personal representative of her late husband's intestate estate. That estate included $45,000 in proceeds from the sale of a condominium that Mr. and Mrs. Doe owned jointly. Respondent received the proceeds in November 2000, but failed to distribute them to Mrs. Doe. Respondent failed to respond to Mrs. Doe's inquiries for a year. Mrs. Doe then sent Respondent a certified letter releasing him as her attorney and demanding that he release the funds and provide her with an accounting.

Mrs. Doe filed a petition for an order requiring Respondent to deposit the money with the probate court and to pay her fees and costs. Her new attorney also requested an emergency hearing, and the court issued a rule to show cause on March 1, 2002. On March 6, 2002, Mrs. Doe received a cashier's check in the amount of $45,000 from Respondent, and she withdrew her request for an emergency hearing. During the time Respondent was supposed to be safekeeping Mrs. Doe's money, the balance in his trust account fell below $45,000 on twenty-one occasions.

Mrs. Doe's attorney appeared at the hearing and testified regarding the status of and costs associated with the probate matter. She stated that, although Mrs. Doe ultimately received the funds entrusted to Respondent, Mrs. Doe has not been compensated for her costs and fees, which total approximately $5,000.

The subpanel found that Respondent violated the following Rules of Professional Conduct found in Rule 407, SCACR: Rule 1.3 (Diligence); Rule 1.4 (Communication); Rule 1.15 (Safekeeping of Property); Rule 1.16 (Declining or Terminating Representation); and Rule 8.4(d) (Misconduct–Conduct Involving Dishonesty, Fraud, Deceit, or Misrepresentation).

The subpanel found that Respondent violated these rules in that he did not respond to or comply with the demands in Mrs. Doe's letter, and that he did not respond to repeated inquiries from Mrs. Doe's new attorney.

The subpanel further found that Respondent failed to fully cooperate with the disciplinary investigation, in violation of Rule 8.1 of the Rules of Professional Conduct, in that Respondent failed to respond to the Notice of Full Investigation in this matter. Respondent did appear for a Rule 19(c)(4), RLDE, Rule 413, SCACR, interview, and responded to the allegations under oath. However, the subpanel found that Respondent failed to comply with a subpoena for the production of the Doe client file and financial records related to the above transaction.

The subpanel found that Respondent is subject to discipline for his conduct in the Probate Matter pursuant to Rules 7(a)(1), 7(a)(3), 7(a)(5), and 7(a)(6) of RLDE, Rule 413, SCACR.

## V. *Jones and Title Insurance Matters*

Respondent conducted a real estate closing for Mr. and Mrs. Jones on May 31, 2002. Respondent issued the Jones a check for $86,025.40 for the proceeds of the sale, which was returned for insufficient funds.

The Jones's attorney, who also represents Mrs. Doe, testified at the hearing that the Jones have not yet received any funds as compensation for the $86,025.40 in proceeds from the

sale. In addition, the Jones have incurred approximately $5,000 in attorneys' fees and litigation costs, though the Jones's real estate agent refunded the $2,000 commission they paid to him. At the time of Respondent's interim suspension in June 2002, the funds remaining in Respondent's trust account were not sufficient to cover the amount due.

The subpanel found that Respondent violated the following Rules of Professional Conduct found in Rule 407, SCACR, in connection with the Jones matter: Rule 1.4 (Communication); Rule 1.15 (Safekeeping of Property); and, Rule 1.16 (Declining or Terminating Representation).

Moreover, in connection with the Jones matter, it was discovered that Respondent failed to remit title insurance premiums on behalf of many of his clients. Respondent was an agent licensed by the Attorneys' Title Insurance Fund, Inc., to issue title policies. In approximately 150 cases, Respondent collected title insurance premiums without issuing policies or paying the Fund.[1]

The subpanel based its estimate on the notes and partial records of Respondent's staff because the attorney appointed to protect clients' interests was unable to recover most of Respondent's client files or other records. The subpanel noted that Respondent was found to be in contempt of the Supreme Court for destroying his financial records, client records, and computers to avoid compliance with ODC subpoenas. The subpanel also noted that the Court found Respondent failed to cooperate with the attorney appointed to protect clients' interests and failed to comply with an order of the Commission on Lawyer Conduct.

The subpanel found that Respondent's conduct in connection with the Title Insurance Matters violated the following Rules of Professional Conduct found in Rule 407, SCACR: Rule 1.1 (Competence); Rule 1.2 (Scope of Representation); Rule 1.3 (Diligence); Rule 1.15 (Safekeeping of Property) Rule 1.16

---

1. Counsel for the Fund testified that he had identified only twenty-nine cases in which Respondent had accepted premiums and failed to issue policies, and that the costs of rechecking the titles and premiums and issuing new policies totaled $8,783.99. However, at the hearing, there was evidence that another 100 to 120 files for which Respondent had accepted money but not paid premiums existed.

(Declining or Terminating Representation); Rule 8.4(a) (Misconduct–Violation of Rules of Professional Conduct); Rule 8.4(d) (Misconduct–Conduct Involving Dishonesty, Fraud, Deceit, or Misrepresentation); and Rule 8.4(e) (Misconduct–Prejudice to the Administration of Justice).

The subpanel found that Respondent's conduct in connection with the destruction of records violated the following Rules of Professional Conduct found in Rule 407, SCACR: Rule 8.4(b) (Misconduct–Criminal Act); Rule 8.4(d) (Misconduct–Conduct Involving Dishonesty, Fraud, Deceit, or Misrepresentation); and Rule 8.4(e) (Misconduct–Prejudice to the Administration of Justice).

The subpanel also found that Respondent violated the following Rules for Lawyer Disciplinary Enforcement, found in Rule 413, SCACR: Rule 30 (Duties Following Disbarment or Suspension); and Rule 31 (Appointment of Attorney to Protect Clients' Interests When Lawyer is Transferred to Incapacity Inactive Status, Suspended, Disbarred, Disappears, or Dies).

The subpanel found that Respondent's conduct in connection with the Jones and Title Insurance Matters is subject to discipline in connection with Rules 7(a)(1), 7(a)(3), 7(a)(4), 7(a)(5), 7(a)(6), and 7(a)(7) of RLDE, Rule 413, SCACR.

## VI. *Mitigation*

Counsel for Respondent submitted affidavits from Respondent's mother and his psychiatrist. The affidavits state that Respondent suffers from lifelong attention deficit disorder, major depressive episode, and alcohol dependence. Respondent is currently seeking treatment for these conditions, including medication and psychotherapy. Counsel for Respondent stated that this information was not presented as an excuse or justification for his misconduct, but rather as an explanation.

## RECOMMENDATION

The subpanel recommended disbarment for Respondent, citing Respondent's conviction for failure to file a tax return; the contempt order from this Court; Respondent's pattern of neglect, incompetence, and failure to adequately communicate

with his clients; the significant financial losses arising from Respondent's misconduct; and, Respondent's repeated failure to cooperate with the disciplinary investigations.

Respondent acknowledged that disbarment is the appropriate sanction. However, Respondent requested that the disbarment be made retroactive to June 27, 2002, the date of his interim suspension. Disciplinary Counsel did not object to the request.

The subpanel also requested that any Order disbarring Respondent from the practice of law include a provision that Respondent is not to be reinstated or readmitted until: (1) he has served his probation and paid fines and assessments ordered in the tax matter; (2) he has compensated all persons or entities who have suffered financial losses as a result of his misconduct; and, (3) he has demonstrated that his mental condition and alcohol dependence are no longer impediments to his ability to practice law.

The subpanel further recommended that Respondent be assessed the costs of this proceeding, pursuant to Rule 7(b)(8), Rule 413, SCACR. The costs incurred were $462.21.

## CONCLUSION

The authority to discipline attorneys and the manner in which discipline is given rests entirely with the Supreme Court. *In re Long,* 346 S.C. 110, 551 S.E.2d 586 (2001). The Court may make its own findings of fact and conclusions of law, and is not bound by the Panel's recommendation. *In re Larkin,* 336 S.C. 366, 520 S.E.2d 804 (1999). The Court must administer the sanction it deems appropriate after a thorough review of the record. *Id.*

We disbar Respondent from the practice of law in this state, retroactive to June 27, 2002. Within six months of the date of this opinion, Respondent and Disciplinary Counsel shall establish a restitution schedule, pursuant to which Respondent shall make restitution to all persons and entities who have suffered financial losses as a result of Respondent's misconduct, including, but not limited to, Respondent's clients, the title insurance company, and the Lawyer's Fund for Client Protection. Failure to make restitution in accordance with

this opinion and the restitution plan may result in Respondent being held in contempt of this Court. Respondent shall not apply for readmission until restitution has been paid in full, all civil matters pending against Respondent have been resolved and all judgments are paid in full, and Respondent has served his probation and paid fines and assessments ordered in the tax matter. Further, Respondent must remain on medication to control his condition.

Within fifteen (15) days of the date of this opinion, Respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30 of Rule 413, SCACR, and shall also surrender his Certificate of Admission to the Practice of Law to the Clerk of Court. Within ninety (90) days of the date of this opinion, Respondent must pay the costs associated with this proceeding. ($462.21).

**DISBARRED.**

TOAL, C.J., WALLER, BURNETT, PLEICONES, JJ., and Acting Justice PAULA H. THOMAS, concur.