492 S.E.2d 791

**In the Matter of Joel Bethea FLOYD, Respondent.**

No. 24707.

Supreme Court of South Carolina.

Submitted Oct. 13, 1997.

Decided Oct. 27, 1997.

Attorney General Charles M. Condon and Senior Assistant Attorney General James G. Bogle, Jr., Columbia, for Complainant.

John A. O'Leary, Columbia, for Respondent.

PER CURIAM:

In this attorney disciplinary matter, respondent and Disciplinary Counsel have entered into an agreement under Rule 21, RLDE, Rule 413, SCACR. In the agreement, respondent admits misconduct and consents to be suspended from the practice of law for twelve months, retroactive to the date of his interim suspension. We accept the agreement.

On September 5, 1996, respondent was indicted in Florence County for distribution of heroin, possession of heroin with intent to distribute, possession of heroin, and possession of a controlled substance with intent to distribute. On March 25, 1997, respondent pled guilty to possession of heroin and was sentenced to two years' imprisonment and fined $5,000, suspended upon the service of ninety days' house arrest and payment of a $1,000 fine, with three years' probation.

On April 16, 1997, respondent waived presentment of an indictment in Clarendon County, and pled guilty to knowingly and intentionally acquiring or obtaining possession of a controlled substance, pursuant to a prescription authorized by one medical doctor, withholding from that doctor the fact that he was obtaining a controlled substance of like use in a concurrent time period from another medical doctor. *See* S.C.Code § 44–53–395(A)(3) (Supp.1985). Respondent was sentenced to two years' imprisonment and fined $2,000, suspended upon the service of sixty days' house arrest, and three years' probation.

■ Possession of heroin is a crime of moral turpitude. *In re Gibson*, 302 S.C. 12, 393 S.E.2d 184 (1990). A violation of § 44–53–395(A)(3) is a serious crime as defined in Rule 2(z), RLDE, since it includes, as a necessary element, misrepresentation, fraud and deceit. The commission of these crimes constitutes a violation of Rule 8.4(a) (violation of the Rules of Professional Conduct). The violation of § 44–53–395(A)(3) is also a violation of Rule 8.4(d) (engaging in conduct involving dishonesty, fraud, deceit or misrepresentation). This misconduct is grounds for discipline under Rules 7(a)(1) (violation of the Rules of Professional Conduct) and 7(a)(4) (conviction of a crime of moral turpitude or a serious crime), RLDE.

■ In our opinion, respondent's misconduct warrants a definite suspension from the practice of law for twelve months, retroactive to June 19, 1997, the date of his interim suspension. Within fifteen days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30, RLDE.

DEFINITE SUSPENSION.