540 S.E.2d 467

**In the Matter of Margaret C. TRIBERT, Respondent.**

**No. 25224.**

Supreme Court of South Carolina.

Submitted Nov. 27, 2000.

Decided Dec. 18, 2000.

Henry B. Richardson, Jr., of Columbia, for the Office of Disciplinary Counsel.

Robert J. Harte, of Aiken, for respondent.

PER CURIAM:

In this attorney disciplinary matter, respondent and Disciplinary Counsel have entered into an agreement under Rule 21 of the Rules for Lawyer Disciplinary Enforcement (RLDE) contained in Rule 413, SCACR. In the agreement, respondent admits misconduct and consents to a definite suspension from the practice of law for a period of one year retroactive to the date of her interim suspension.[1] We accept the agreement.

## FACTS

According to the facts as stated in the agreement, respondent was charged with possession of cocaine and first offense driving under the influence. Thereafter, respondent voluntarily ceased practicing law and sought treatment for her problems with alcohol and drugs. She pled guilty to the driving under the influence charge, and the possession of cocaine charge was dismissed after respondent successfully completed the pre-trial intervention program. Although respondent asserts that she has recovered and is abstaining from the use of alcohol and illegal drugs and is fully capable of resuming the practice of law, she agrees that it would be to her benefit to continue rehabilitation through counseling, at-

---

[1] Respondent was placed on interim suspension by order of this Court dated July 9, 1999. *In the Matter of Tribert,* 335 S.C. 401, 517 S.E.2d 444 (1999).

tending Alcoholics Anonymous, and drug screens for the time period mentioned in the attachment to the agreement.

## LAW

■ By her conduct, respondent has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 8.4(b) (committing a criminal act reflecting adversely on her honesty, trustworthiness, or fitness as a lawyer); and Rule 8.4(e) (engaging in conduct that is prejudicial to the administration of justice).

■ Respondent has also violated the following provisions of the RLDE, Rule 413, SCACR: Rule 7(a)(1) (violating or attempting to violate the Rules of Professional Conduct); Rule 7(a)(4) (being convicted of a crime of moral turpitude or a serious crime); Rule 7(a)(5) (engaging in conduct tending to pollute the administration of justice or bringing the legal profession into disrepute, and engaging in conduct demonstrating an unfitness to practice law); and Rule 7(a)(6) (violating the oath of office taken upon admission to practice law in this state).

## CONCLUSION

■ Respondent has acknowledged that her actions were in violation of the Rules of Professional Conduct. Accordingly, respondent is hereby suspended from the practice of law for a period of one year retroactive to her interim suspension. Respondent shall continue her counseling and screening programs for one year from the date of the agreement. Respondent shall forward results of her monthly drug screens to Disciplinary Counsel and respondent's counselor shall file quarterly reports with Disciplinary Counsel stating whether respondent is complying with the terms of this opinion. Within fifteen days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that she has complied with Rule 30 of Rule 413, SCACR.

DEFINITE SUSPENSION.