556 S.E.2d 388

**In the Matter of Donald Loren SMITH, Respondent.**

No. 25386.

Supreme Court of South Carolina.

Submitted Oct. 29, 2001.

Decided Dec. 3, 2001.

Henry B. Richardson, Jr. and Paulette Edwards, both of Columbia, for the Office of Disciplinary Counsel.

Desa A. Ballard, of Columbia, for respondent.

PER CURIAM.

In this attorney disciplinary matter, respondent and the Office of Disciplinary Counsel (ODC) have entered into an agreement pursuant to Rule 21, Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR. In the agreement, respondent admits misconduct and consents to a definite suspension of six months, retroactive to March 1, 2001.[1] We accept the agreement.

---

1. Respondent was placed on interim suspension by order of this Court dated March 1, 2001. *In the Matter of Smith*, 344 S.C. 39, 543 S.E.2d 536 (2001).

## *Facts*

Respondent was arrested on January 10, 2001, and charged with trafficking in cocaine, trafficking in methamphetamine, and possession of marijuana. Respondent was placed on interim suspension as a result of the charges. The charges have subsequently been dismissed. However, respondent admits that while licensed to practice law in South Carolina, he was a recreational user of cocaine.

Respondent represents and warrants that he has not used or possessed cocaine since January 11, 2001. He further represents and warrants that he will not willfully use or possess cocaine or any other illegal drug in the future.

## *Law*

By his conduct, respondent has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 8.4(b) (committing a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer) and Rule 8.4(e) (conduct prejudicial to the administration of justice).

Respondent has also violated the following provisions of the Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR: Rule 7(a)(1) (violating the Rules of Professional Conduct); and Rule 7(a)(5) (engaging in conduct tending to pollute the administration of justice or to bring the courts or the legal profession into disrepute or conduct demonstrating an unfitness to practice law); and Rule 7(a)(6) (violating the oath of office taken upon admission to practice law in this state).

## *Conclusion*

Respondent has fully acknowledged that his actions were in violation of the Rules for Lawyer Disciplinary Enforcement and the Rules of Professional Conduct. We therefore suspend respondent from the practice of law for six months retroactive to the date of his interim suspension on March 1, 2001. Within fifteen days of the date of this opinion, respondent

shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30, Rule 413, SCACR.

DEFINITE SUSPENSION.

TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.