580 S.E.2d 126

**In the Matter of W. Smith STRICKLAND, Jr., Respondent.**

No. 25645.

Supreme Court of South Carolina.

Heard April 3, 2003.
Decided April 28, 2003.

Henry B. Richardson, Jr., and James G. Bogle, Jr., both of Columbia, for the Office of Disciplinary Counsel.

Desa A. Ballard, of West Columbia, for Respondent.

PER CURIAM:

In this attorney disciplinary matter, the sole issue before the Court is the appropriate sanction to be imposed upon

respondent, who has been on interim suspension since August 12, 1998.[1] The Panel recommended that respondent be disbarred, that the disbarment be made retroactive to the August 12, 1998, suspension date, and that respondent be ordered to pay the costs of the disciplinary proceedings. Neither the Office of Disciplinary Counsel (ODC) nor the respondent has filed a brief. We disbar respondent, retroactive to August 12, 1998.

## FACTS

Respondent has admitted the allegations of the complaint, which are summarized below:

### 1. Trust Fund Matter

Respondent was the sole proprietor of a firm that did a large amount of collection work. In 1997, he merged his practice with that of another firm [Firm]. As a result of the merger, certain unethical practices of respondent came to light.

From 1995 to 1997, respondent failed to maintain the integrity of his trust account and of his operating account. Respondent did not timely transmit documents and checks. Further, he misrepresented and/or converted some client funds to pay other clients.

Respondent handled a large number of collection matters for a Bank. He would collect funds from the Bank's debtors, then use those funds to pay himself fees for other Bank matters. The ODC identified fifteen checks whereby approximately $89,000 was improperly withdrawn from respondent's trust fund and paid into respondent's operating account.

Following the 1997 merger between respondent's practice and the Firm, an audit revealed a shortfall in respondent's trust account of $37,000 to $45,000. The Firm immediately deposited $45,000 into the account. Respondent's largest client, Bank, was subsequently billed and then paid $90,000 in legal fees for work done by respondent. This money was used to offset the Firm's $45,000 deposit into respondent's trust account and to offset any client fund shortfall. The Firm

---

1. *In the Matter of Strickland,* 332 S.C. 87, 504 S.E.2d 317 (1998).

eventually paid respondent $16,000, apparently after repaying itself and making all of respondent's clients whole.

## 2. Bank Matter

Respondent settled a matter for a client for $15,000, and deposited those funds into his trust account. In October 1996, he prepared a trust account check for $10,000, payable to client, and placed the check in the client's file. In February 1997, the balance in the trust account fell to $507.22, an amount insufficient to cover the $10,000 check that had still not been delivered to respondent's client. The client was finally paid by a different check in May 1997.

Respondent misappropriated these funds, or misapplied them.

## 3. Overpayment

Respondent's client received a $9,410 judgment against W. W paid respondent approximately $7,000 toward the judgment. From this payment, respondent sent his client a check for $5,424 and retained approximately $1,576 as his fee. The judgment against W remained on the record, and during a real estate transaction involving W's property, the closing attorney tendered respondent a check for the full amount of the judgment, $9,410. Respondent deposited this check in a different trust account, and drew two checks, one to his client paying the remainder due on the judgment and one to himself representing the balance of his fee. Respondent placed the client's check and a cover letter in the client's file.

Respondent contemporaneously prepared a check representing the overpayment made payable to the closing attorney, and also placed this check in the client's file. Approximately nine months later, one of respondent's employees directed respondent's attention to these documents in the client's file. They remained in the file sixteen months later when this investigation began. Only after the ODC inquired were the funds returned, with interest, to W.

## 4. Candor

During this investigation, respondent failed to identify two open trust accounts under his control, and misrepresented to

the ODC that he lacked signatory authority over any of the Firm's accounts. Further, he misrepresented that he was advancing fees when in fact he was misappropriating funds, and misrepresented that he had deposited $5,000 into his trust account when he had not.

## LAW

The Panel concluded respondent had violated Rules 7(a)(1), (a)(5), and (a)(6) of the Rules for Lawyer Disciplinary Enforcement (RLDE), Rule 413, SCACR. It also concluded respondent had violated the following Rules of Professional Conduct, Rule 407, SCACR: Rules 1.1, 1.3, 1.4, 1.5, 1.15, 3.3, 8.4(a), 8.4(b), 8.4(c), 8.4(d), and 8.4(e).

The Panel noted respondent has no prior disciplinary record, and that he offered no mental or physical infirmities in mitigation. It recommended a retroactive disbarment. This Court is not bound by this recommendation, but administers the sanction it deems appropriate after a thorough review of the record. *E.g., In the Matter of Zenner,* 348 S.C. 499, 560 S.E.2d 406 (2002).

## CONCLUSION

We hold that the appropriate sanction in this matter is disbarment, with the date of the disbarment to run from August 12, 1998. Within fifteen days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30, RLDE, Rule 413, SCACR, and shall also surrender his Certificate of Admission to the Practice of Law to the Clerk of Court. Further, respondent shall, within thirty days of the date of this opinion, pay the costs of this proceeding ($538.48).

DISBARRED.

TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.