TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.

605 S.E.2d 538

**In the Matter of Robert Lee NEWTON, Jr., Respondent.**

**No. 25891.**

Supreme Court of South Carolina.

Submitted Oct. 8, 2004.

Decided Nov. 8, 2004.

Henry B. Richardson, Jr., Disciplinary Counsel, and Michael J. Virzi, Assistant Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

Robert Lee Newton, Jr., of Pickens, pro se.

PER CURIAM:

In this attorney disciplinary matter, respondent and the Office of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by Consent pursuant to Rule 21, RLDE, Rule 413, SCACR. In the agreement, respondent admits misconduct and consents to a definite suspension from the practice of law of up to one year, retroactive to the date of his interim suspension. We accept the agreement and impose a one year suspension. The facts, as set forth in the agreement, are as follows.

## FACTS

Between September 5, 2003, and September 18, 2003, law enforcement observed respondent cultivating marijuana plants in the woods behind his home. On September 18, 2003, respondent was arrested by members of the Pickens County Sheriff's Department and charged with one count of manufacturing marijuana and one count of possession with intent to distribute (PWID) marijuana, both in violation of South Carolina Code Ann. § 44–53–370(b)(2) (1985). At the time of his arrest, respondent was in possession of approximately 3.5 ounces of marijuana. Based on the arrest warrants and affidavits contained therein, respondent consented to and was placed on interim suspension by order of the Court dated September 25, 2003.

Because respondent had previously worked as a prosecutor in Pickens County, his criminal prosecution was assigned to a solicitor in another circuit. At all times relevant hereto, respondent has been fully cooperative with the solicitor assigned to his case and with Disciplinary Counsel, but has maintained his innocence on the PWID charge and stated the marijuana was solely for his personal use. ODC is informed and believes that the solicitor assigned to respondent's criminal prosecution discovered no evidence consistent with an intent on respondent's behalf to distribute the marijuana. On December 29, 2003, the PWID charge was dismissed as duplicative and unsupported by the available evidence; the PWID records were expunged by order dated May 28, 2004.

Respondent voluntarily entered into drug counseling. He was subsequently admitted to Pre–Trial Intervention (PTI) on

March 8, 2004 in lieu of prosecution on the charge of manufacturing. Respondent successfully completed PTI on June 10, 2004, the manufacturing charge was dismissed on June 14, 2004, and the records expunged by order dated June 16, 2004. After investigation, Disciplinary Counsel also discovered no evidence consistent with an intent on respondent's part to distribute the marijuana.

## *LAW*

Respondent admits that by his conduct he has violated Rule 8.4(b) of the Rules of Professional Conduct, Rule 407, SCACR. Rule 8.4(b) provides it is professional misconduct for a lawyer to commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer in other respects. In addition, respondent admits that his actions constitute grounds for discipline under the following provisions of Rule 7, RLDE, Rule 413, SCACR: Rule 7(a)(1) (it shall be a ground for discipline for a lawyer to violate the Rules of Professional Conduct) and Rule 7(a)(5) (it shall be a ground for discipline for a lawyer to engage in conduct tending to pollute the administration of justice or to bring the courts or the legal profession into disrepute).

## *CONCLUSION*

We accept the Agreement for Discipline by Consent and suspend respondent from the practice of law for one year retroactive to the date of his interim suspension. Within fifteen days of the filing of this opinion, respondent shall file an affidavit demonstrating he has complied with the requirements of Rule 30 of the Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR.

**DEFINITE SUSPENSION.**

TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.