623 S.E.2d 94

**In the Matter of Donald Loren SMITH, Respondent.**

**No. 26074.**

Supreme Court of South Carolina.

Submitted Oct. 18, 2005.
Decided Dec. 5, 2005.

---

Henry B. Richardson, Jr., Disciplinary Counsel, and Michael J. Virzi, Assistant Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

Charles J. Hodge, of Spartanburg, for respondent.

PER CURIAM:

On May 20, 2005, respondent and the Office of Disciplinary Counsel (ODC) entered into an Agreement for Discipline by Consent Pursuant to Rule 21, RLDE, Rule 413, SCACR. In the agreement, respondent admits misconduct and consents to a definite suspension of not less than one but no more than two years or an indefinite suspension. We accept the agreement and indefinitely suspend respondent from the practice of law in this state. The facts, as set forth in the agreement, are as follows.

## *FACTS*

Previously, the Court accepted respondent and ODC's October 10, 2001, Agreement for Discipline by Consent and suspended respondent from the practice of law for six months. *In the Matter of Smith*, 347 S.C. 437, 556 S.E.2d 388 (2001). In that agreement, respondent admitted he was a recreational user of cocaine. He warranted he would not willfully use or possess cocaine or any illegal drug in the future.

In the current agreement, respondent admits possessing and using cocaine on several occasions since the October 10,

2001 Agreement for Discipline by Consent. He admits he is a cocaine addict. Respondent agrees that he will neither willfully use or possess cocaine or any other illegal drug in the future nor willfully use or possess any legal drug in a manner contrary to the law. Respondent agrees to submit to random drug testing.

Respondent further represents and agrees:

that he has entered a drug rehabilitation program and will strictly comply with the directives of such program; that he will undergo random drug testing for a period of one year prior to seeking readmission to the practice of law; and that he will continue voluntary random drug testing for a period of one year after readmission. Any application for readmission will be accompanied by a certificate of completion of a drug rehabilitation program.

Agreement ¶ 3.

### *LAW*

Respondent admits that, by his misconduct, he has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 8.4(b) (it is professional misconduct for a lawyer to commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer in other respects) and Rule 8.4(e) (it is professional misconduct for a lawyer to engage in conduct that is prejudicial to the administration of justice).[1] In addition, respondent agrees his misconduct is grounds for discipline under Rule 7, RLDE, of Rule 413, SCACR, specifically Rule 7(a)(1) (lawyer shall not violate Rules of Professional Conduct or any other rules of this jurisdiction regarding professional conduct of lawyers) and Rule 7(a)(5) (lawyer shall not engage in conduct tending to pollute the administration of justice or to bring the courts or the legal profession into disrepute or conduct demonstrating an unfitness to practice law).

---

1. Respondent's misconduct occurred before the effective date of the Amendments to the Rules of Professional Conduct. *See* Court Order dated June 20, 2005. The Rules cited in this opinion are those which were in effect at the time of respondent's misconduct.

## CONCLUSION

We accept the Agreement for Discipline by Consent and indefinitely suspend respondent from the practice of law. Within fifteen days of the date of this opinion, respondent shall surrender his certificate of admission to practice law in this state to the Clerk of Court and shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30, RLDE, Rule 413, SCACR.

**INDEFINITE SUSPENSION.**

TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.