653 S.E.2d 263

**In the Matter of Dennis J. RHOAD, Respondent.**

No. 26392.

Supreme Court of South Carolina.

Submitted Sept. 20, 2007.
Decided Nov. 5, 2007.

Attorney General Henry Dargan McMaster and Assistant Deputy Attorney General Robert E. Bogan, both of Columbia, for the Office of Disciplinary Counsel.

A. Camden Lewis, of Lewis & Babcock, of Columbia, for Respondent.

PER CURIAM:

In this attorney disciplinary matter, Dennis Rhoad (respondent) was charged with possession of cocaine and later encouraged others to make misleading statements to two of his clients. The Commission on Lawyer Conduct (Commission) recommended that this Court impose the sanction of an admonition plus costs. We sanction respondent with a ninety-day definite suspension plus costs.

## FACTS

In the early morning hours of June 21, 2003, respondent became intoxicated at a bar. He and his friends walked to a fraternity party, where some attendees were snorting lines of cocaine from the surface of a framed poster on a pool table. Respondent inhaled one or possibly two lines of cocaine.[1] A police officer observed the activity through the window from the porch of the house across the street. Six people, including respondent, were arrested for possession of cocaine.

After Disciplinary Counsel petitioned for an interim suspension on July 2, 2003, respondent informed them that he had

---

1. Respondent does not recall whether he inhaled two lines because he was intoxicated at the time.

been diagnosed with an "addictive illness" in the form of an alcohol disorder. Respondent opposed the interim suspension, arguing he was voluntarily placing himself in a rigorous rehabilitation program and that his wife, also an attorney, could handle his cases while he was absent. On July 3, 2003, respondent wrote a detailed memorandum regarding the status of every client's case. In the memorandum, respondent instructed his wife and his staff to inform two of his clients that other attorneys would be handling their cases because respondent would be away "working on a big case." Respondent admitted this statement was untruthful, but he indicated he was merely trying to keep private the fact that he would be attending in-patient treatment for his addictive illness. There is no evidence that respondent's wife or his staff ever made those representations to the clients.

Respondent was placed on interim suspension on July 8, 2003. While on interim suspension, respondent completed the six week in-patient treatment program and participated in a pre-trial intervention (P.T.I.) program. He attended psychological counseling and Alcoholics Anonymous meetings for his addictive illness. Following the dismissal of the possession of cocaine charge pursuant to P.T.I., respondent was reinstated by this Court in December 2003. He cooperated fully in the investigation by Disciplinary Counsel.

The Commission[2] found respondent's "one time admitted use of cocaine" violated various Rules of Professional Conduct (Rule 407, SCACR): Rule 8.4(a), RPC (providing that it is misconduct for a lawyer to attempt to violate the Rules of Professional Conduct); Rule 8.4(b), RPC (stating it is misconduct for a lawyer to commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects); and Rule 8.4(c), RPC (providing it is misconduct to commit a criminal act involving moral turpitude). The Commission also found respondent's instructions to his wife and staff to provide false information to two clients regarding his whereabouts violated Rule 8.4(d), RPC (stating it is misconduct to engage in conduct involving dishonesty, fraud, deceit or misrepresentation). The Commission noted, however, that no clients were harmed or intended to be

2. The sub-panel's report was fully adopted by the panel.

harmed by the violation. The Commission further found respondent's actions constituted grounds for discipline under the Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR: Rule 7(a)(1), RLDE (violating a Rule of Professional Conduct); and Rule 7(a)(5), RLDE (conduct tending to pollute the administration of justice or bringing the legal profession into disrepute). The Commission recommended a sanction of an admonition and payment of costs of the proceedings.

## DISCUSSION

Respondent does not complain about the finding of misconduct or the recommended sanction. Disciplinary Counsel, however, maintains the recommended sanction is not sufficient. Thus, the only matter for this Court to determine is whether the recommendation of an admonition is the appropriate sanction. *See In re Strickland,* 354 S.C. 169, 580 S.E.2d 126 (2003) (holding that after a thorough review of the record, the Court must impose the sanction it deems appropriate); *In re Long,* 346 S.C. 110, 551 S.E.2d 586 (2001) (holding the authority to discipline attorneys and the manner in which discipline is given rests entirely with this Court); *In re Larkin,* 336 S.C. 366, 520 S.E.2d 804 (1999) (noting the Court is not bound by the panel's recommendation and may make its own findings of fact and conclusions of law).

We agree with the Commission that respondent's actions violated the above-listed rules. Despite the Commission's recommendation that the Court impose a sanction of an admonition plus costs of the proceedings, we find a definite suspension of ninety days is more appropriate. The Court has imposed definite suspensions in analogous cases. *See In re Newton,* 361 S.C. 404, 605 S.E.2d 538 (2004) (sanctioning attorney who cultivated marijuana plants behind his house to a definite suspension of up to one year after a charge for possession with intent to distribute marijuana was dismissed for lack of evidence and a charge of manufacturing marijuana was dismissed after completion of a pre-trial intervention program); *In re Floyd,* 328 S.C. 167, 492 S.E.2d 791 (1997) (imposing a twelve-month suspension on an attorney who pled guilty to possession of heroin and to knowingly and intentionally acquiring or obtaining possession of a controlled sub-

stance, pursuant to a prescription authorized by one medical doctor, and withholding from that doctor the fact that he was also obtaining a similar controlled substance at the same time from another doctor).

■ Respondent's use of a controlled substance and attempt to mislead clients warrants the more severe sanction of a ninety-day suspension, plus payment of the costs of the proceedings. This suspension is not retroactive to the date of the interim suspension. Within fifteen days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30 of Rule 413, SCACR.

**DEFINITE SUSPENSION.**

TOAL, C.J., MOORE, WALLER, and BEATTY, JJ., concur.

PLEICONES, J., not participating.