661 S.E.2d 102

**In the Matter of Ronald HAZZARD, Respondent.**

**No. 26478.**

Supreme Court of South Carolina.

Heard March 19, 2008.
Decided May 5, 2008.

Lesley M. Coggiola, Disciplinary Counsel, and Joseph P. Turner, Jr., Assistant Disciplinary Counsel, both of Columbia, for the Office of Disciplinary Counsel.

M. Gregory McCollum, of Myrtle Beach, for Respondent.

PER CURIAM:

In this attorney disciplinary matter, the Commission on Lawyer Conduct filed formal charges against Respondent with regard to four matters. After a hearing, the Hearing Panel recommended Respondent be sanctioned to a one-year definite suspension from the practice of law, retroactive to his August 6, 2003 interim suspension, with certain conditions. We adopt the recommendation, and we sanction Respondent to a one-year definite suspension, retroactive to the date of his interim suspension, with the following conditions: entering a two-year monitoring contract with Lawyers Helping Lawyers and agree to random drug screens during the period; making full restitution to the Lawyers Fund for Client Protection in the amount of $21,148.30 prior to being eligible to apply for readmission; and payment of $683.23 for the costs of the proceedings.

## FACTS

The Office of Disciplinary Counsel alleged Respondent committed misconduct with regard to four matters.

## Matter I

On June 19, 2003, Respondent appeared before Judge Baxley in the Court of Common Pleas in a civil matter in response to a Rule to Show Cause and as part of his representation of Client A. The purpose of the Rule to Show Cause was to determine: (1) whether Respondent had violated a previous court order compelling discovery responses; and (2) whether he had violated a previous order to pay opposing counsel $350 for attorneys fees incurred in bringing the motion to compel discovery. The court found Respondent in contempt with regard to the civil matter, ordered additional monies to be paid to opposing counsel, and imposed sanctions with regard to the pending civil litigation to the prejudice of Client A. Later, Respondent's check for $700 to opposing counsel to pay the court-ordered attorney's fees was returned by the bank for "non-sufficient funds." When the civil case came before the master-in-equity for a bench trial on July 15, 2003, neither Respondent nor Client A appeared for trial, and judgment was entered against Client A in his absence based solely on the uncontradicted testimony of the opposing party. Respondent did not inform Client A of the trial date.

Further, while before Judge Baxley at the June 19, 2003 Rule to Show Cause hearing, it appeared that Respondent was under the influence of alcohol or drugs. Upon inquiry by the court, Respondent denied being under the influence of any substance and denied having used any alcohol or drugs in the past seventy-two hours. The court then required Respondent to submit to an immediate urinalysis drug screening. The screening indicated the presence of cocaine in Respondent's system. Upon learning of the results, Respondent admitted to the court that he had used cocaine within the previous seventy-two hours but denied being "under the influence." The court found Respondent in direct criminal contempt for lying to the court about his use of cocaine and imposed a contempt sanction by sentencing Respondent to ninety days in the Horry County Detention Center to begin no later than June 25, 2003. However, the court allowed Respondent to avoid jail by enrolling in a drug treatment program with certain conditions. The court found Respondent's conduct was having a detrimental effect on his clients, which the court believed to be the result of "a substance abuse problem that is destroying his

life and legal practice and is certainly interfering with the administration of justice" and is "not isolated to this judge or this court." Respondent initially entered a drug treatment program, but because he was unable to pay for the program, he failed to complete it. Respondent carried out his ninety-day sentence at the Horry County Detention Center.

## Matter II

Respondent hired a court reporter for a July 9, 2002 deposition. On July 22, 2002, the court reporter forwarded to Respondent a copy of the deposition transcript along with a bill. Respondent failed to pay the court reporter's bill or otherwise communicate with her in response to the July 22 bill. The court reporter notified Respondent of his outstanding debt to her by letters dated November 12, 2002; December 18, 2002; and January 7, 2003. Respondent did not respond to any of the letters and only paid the bill after receiving a Notice of Full Investigation of this matter from ODC in August 2003.

Respondent was notified of the court reporter's Complaint by letter from ODC dated February 20, 2003, requesting a response within fifteen days. Respondent failed to respond or otherwise communicate with ODC. After ODC sent him a letter on March 11, 2003, reminding him of his duty to respond pursuant to *In the Matter of Treacy*, 277 S.C. 514, 290 S.E.2d 240 (1982), Respondent contacted ODC by telephone on March 26, 2003, indicating that he would send a response to the court reporter's Complaint by facsimile the next day. Respondent failed to send a response until April 14, 2003.

## Matter III

In May 2002, Respondent was retained by Client B to represent her in a divorce action. Client B paid Respondent $1,650 in cash and office cleaning services that Respondent agreed were worth $350. Respondent failed to file a complaint on behalf of Client B in the proper county and later failed to pursue a transfer of her case from the wrong county. Over the next year, Respondent canceled and failed to attend several meetings with Client B regarding her divorce, deliberately avoided many of her attempts to communicate with him in writing and by telephone, and misled Client B about

whether her complaint for divorce was pending in Family Court in the proper county and about the existence of a scheduled hearing before the Family Court.

Respondent was notified of the Client B complaint by a letter from ODC dated May 19, 2003, requesting a response within fifteen days. Respondent failed to respond or otherwise communicate with ODC. On June 6, 2003, ODC sent Respondent a letter informing him of his obligation to respond pursuant to *In the Matter of Treacy* and again requesting a response. On June 24, 2003, Respondent telephoned ODC in response to an inquiry regarding Matter II, and he informed ODC that he was not calling to respond to the Client B matter, but that he intended to do so. However, Respondent failed to respond or otherwise communicate with ODC regarding the Client B matter in any way until after receiving a Notice of Full Investigation in September 2003.

### Matter IV

On January 7, 2003, Respondent's former client, Client C, initiated a formal dispute of Respondent's fee by filing an Application for Resolution of Disputed Fee with the South Carolina Bar Resolution of Fee Disputes Board (FDB). A panel member of the FDB investigated the fee dispute, and on May 7, 2003, reported his findings and recommended that Respondent pay $750 to Client C within thirty days. On May 8, 2003, the FDB Circuit Chair issued Respondent a letter adopting the recommendation of the panel member as the final decision of the FDB. Respondent failed to repay Client C within thirty days and did not refund any portion of the $750 until after receiving a Notice of Full Investigation of this matter from ODC in October 2003.

Respondent was placed on interim suspension on August 6, 2003. At the May 1, 2007 hearing before the Hearing Panel, Respondent testified that he began using cocaine in 2001 to deal with depression stemming from the breakup of his marriage. He testified that he voluntarily started having drug tests and has passed over one hundred drug tests since he discontinued using cocaine in late 2003. He stated he attends both N.A. and A.A. meetings and intends to do so for the foreseeable future. Respondent submitted several affidavits, and several witnesses testified at the hearing, that respondent

is an excellent attorney and they would have every confidence in him should he be admitted back to the practice of law.

After the hearing, the Hearing Panel issued a report and recommendation. As to Matter I, the Hearing Panel found that by his actions, Respondent: (1) failed to provide the legal knowledge, skill, thoroughness, and preparation reasonably necessary for the representation of Client A, in violation of Rule 1.1, Rules of Professional Conduct (RPC), Rule 407, SCACR; (2) failed to act with reasonable diligence and promptness on behalf of Client A, in violation of Rule 1.3; (3) failed to keep Client A reasonably informed about the status of litigation in violation of Rule 1.4; (4) failed to expedite litigation consistent with the interests of Client A, in violation of Rule 3.2; (5) made a false statement of material fact to the circuit court, in violation of Rules 3.3, 4.1, 8.4(a), 8.4(d), and 8.4(e); and (6) committed the criminal acts of possessing and using a controlled substance, in violation of Rules 8.4(b) and 8.4(c). The Hearing Panel found Respondent's conduct was grounds for discipline under Rules 7(a)(1)(violating the Rules of Professional Conduct), 7(a)(5) (engaging in conduct tending to bring the legal profession into disrepute), 7(a)(6) (violating the oath of office), and 7(a)(7) (willfully violating a court order), RLDE.

Regarding Matter II, the Hearing Panel found Respondent: failed to timely pay a court-related expense in violation of Rule 8.4(e); and failed to respond to demands for information from ODC in violation of Rule 8.1. The Hearing Panel determined the conduct was grounds for discipline under Rules 7(a)(1), and 7(a)(3) (willfully violating a valid order of the Commission), RLDE.

As to Matter III, the Hearing Panel determined that Respondent: (1) failed to provide competent representation to Client B in violation of Rule 1.1; (2) failed to act with reasonable diligence and promptness in representing Client B, in violation of Rule 1.3; (3) failed to keep Client B reasonably informed about the status of her divorce and failed to promptly comply with reasonable requests for information in violation of Rule 1.4; (4) charged Client B a fee that was not reasonable in light of the time and labor Respondent provided, the results obtained, and other relevant considerations, in violation of

Rule 1.5; (5) failed to expedite Client B's divorce consistent with her interests in violation of Rule 3.2; and (6) failed to respond to ODC's demands for information in violation of Rule 8.1. The Hearing Panel found Respondent's conduct was grounds for discipline under Rules 7(a)(1), 7(a)(3), 7(a)(5), and 7(a)(6), RLDE.

Finally, with regard to Matter IV, the Hearing Panel determined Respondent failed to comply with the FDB's final decision in violation of Rule 8.4(e), and that his conduct was grounds for discipline under Rules 7(a)(1), 7(a)(5), and 7(a)(10), RLDE (willfully failing to comply with a final decision of the Resolution of Fee Disputes Board).

## DISCUSSION

▮ Neither Respondent nor ODC raise any exceptions to the Hearing Panel's report and recommendation. Thus, it is up to this Court to determine whether the recommended sanction is appropriate.

▮ The authority to discipline attorneys and the manner in which discipline is given rests entirely with this Court. *In re Long,* 346 S.C. 110, 551 S.E.2d 586 (2001). The Court is not bound by the panel's recommendation and may make its own findings of fact and conclusions of law. *In re Larkin,* 336 S.C. 366, 520 S.E.2d 804 (1999). After a thorough review of the record, the Court must impose the sanction it deems appropriate. *In re Strickland,* 354 S.C. 169, 580 S.E.2d 126 (2003).

We agree with the Hearing Panel that Respondent's actions violated the above-listed rules. We find the recommended sanction of a retroactive, one-year definite suspension, with the recommended conditions, is appropriate. *See In re Newton,* 361 S.C. 404, 605 S.E.2d 538 (2004) (sanctioning a former assistant solicitor to a one-year suspension, retroactive, where charged with possession with intent to distribute marijuana, reduced to possession, and completion of pre-trial intervention); *In re Smith,* 347 S.C. 437, 556 S.E.2d 388 (2001) (sanctioning to a six-month retroactive suspension where charges for trafficking in cocaine, methamphetamines, and possession of marijuana were dismissed but attorney admitted cocaine use); *In re Tribert,* 343 S.C. 326, 540 S.E.2d 467 (2000) (sanctioning attorney to a one-year suspension, retroactive,

where the attorney pled guilty to driving under the influence and where a charge of possession of cocaine was dismissed upon completion of a pre-trial intervention program); *see also In re Newton*, 366 S.C. 276, 621 S.E.2d 657 (2005) (adding a two-year monitoring contract with LHL and the taking of the new attorney oath as a condition of Newton's reinstatement).

Within fifteen days of this opinion, Respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30 of Rule 413, SCACR.

**DEFINITE SUSPENSION.**

TOAL, C.J., WALLER, PLEICONES, BEATTY, JJ., and Acting Justice E.C. BURNETT, III, concur.