# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

In the Matter of Margaret D. Fabri, Respondent.

Appellate Case No. 2016-000917

---

Opinion No. 27683
Heard September 21, 2016 – Filed November 16, 2016

---

## PUBLIC REPRIMAND

---

Disciplinary Counsel Lesley M. Coggiola and Senior Assistant Disciplinary Counsel Charlie Tex Davis, Jr., both of Columbia, for Office of Disciplinary Counsel.

David Dusty Rhoades, of Charleston, for Respondent.

---

**PER CURIAM:**   In this attorney disciplinary matter, the Office of Disciplinary Counsel ("ODC") filed formal charges against Margaret Fabri ("Respondent"), alleging Respondent committed misconduct by issuing two subpoenas without providing notice to opposing counsel as required under Rule 45(b)(1) of the South Carolina Rules of Civil Procedure ("SCRCP").[1]  By way of return, Respondent argued she was not required to notify opposing counsel because the subpoenas commanded the appearance of a witness and the production of documents at a hearing rather than before the hearing; therefore, discipline is improper.  A five member hearing panel ("Hearing Panel") for the Commission on Lawyer Conduct ("Commission") disagreed with Respondent.  As a result, a

---

[1] Rule 45 states, in relevant part:  "[u]nless otherwise ordered by the court, prior notice in writing of any commanded production of documents and things or inspection of premises before trial shall be served on each party in the manner prescribed by Rule 5(b) at least 10 days before the time specified for compliance." Rule 45(b)(1), SCRCP.

majority of the Hearing Panel recommended Respondent: receive a public reprimand; be directed to pay the costs of the proceedings; and be ordered to attend the South Carolina Bar's Legal Ethics and Practice Program Ethics School. We accept this recommendation.

## I.    Factual and Procedural History

Respondent represented Husband in a divorce action. Due to Wife's delay in producing a financial declaration, Respondent issued two subpoenas to the records custodian at Wife's employer. The subpoenas were titled "Hearing Subpoena (Duces Tecum)" and commanded the records custodian appear at a temporary hearing and produce various documents related to Wife's employment. The cover letter to the subpoenas provided: "[i]f you are able to produce the requested documents to me prior to the hearing date, it may not be necessary for your records custodian to appear." Respondent signed the subpoenas, certifying that they were "issued in compliance with Rule 45(c)(1) and that notice as required by Rule 45(b)(1) ha[d] been given to all parties." In actuality, Respondent did not provide opposing counsel notice of either subpoena.

ODC subsequently filed formal charges against Respondent, alleging she committed misconduct by failing to provide opposing counsel notice of the subpoenas as required under Rule 45(b)(1), SCRCP. In response, Respondent argued she was not required to notify opposing counsel because the subpoenas were titled "hearing subpoena duces tecum" and commanded the appearance of a witness and the production of documents at the hearing. Although Respondent recognized she invited the records custodian to produce the documents before the hearing, Respondent attempted to dismiss this fact by asserting it was merely a request not a command. In light of her assertions, Respondent requested the charges be dismissed.

After a hearing, the Hearing Panel issued its report in which it agreed with ODC. In finding Respondent's actions constituted professional misconduct, the Hearing Panel relied on the fact that: (1) Respondent issued two subpoenas without providing notice to opposing counsel as required under Rule 45(b)(1), SCRCP; (2) Respondent nevertheless certified that notice to opposing counsel had been provided; and (3) the subpoenas commanded the production of documents in contravention of Rule 25 of the South Carolina Rules of Family Court ("SCRFC"), which prohibits discovery in the family court without a court order or a stipulation by both parties. Based on these facts and Respondent's prior disciplinary history,

which will be discussed in greater detail below, three panel members recommended Respondent receive a public reprimand. Two panel members recommended Respondent receive an admonition. In addition, the entire panel recommended Respondent be directed to pay the costs of the proceedings and be directed to attend the South Carolina Bar's Legal Ethics and Practice Program Ethics School within one year of the imposition of any discipline imposed. Respondent now asks this Court to review the Hearing Panel's findings.

## II.     Standard of Review

"This Court has the sole authority to discipline attorneys and to decide the appropriate sanction after a thorough review of the record." *In re Thompson*, 343 S.C. 1, 10, 539 S.E.2d 396, 401 (2000). "The Court is not bound by the panel's recommendation and may make its own findings of fact and conclusions of law." *In re Hazzard*, 377 S.C. 482, 488, 661 S.E.2d 102, 106 (2008); *see* Rule 27(e)(2), RLDE, Rule 413, SCACR ("The Supreme Court may accept, reject, or modify in whole or in part the findings, conclusions and recommendations of the Commission.").

"A disciplinary violation must be proven by clear and convincing evidence." *In re Greene*, 371 S.C. 207, 216, 638 S.E.2d 677, 682 (2006); *see* Rule 8, RLDE, Rule 413, SCACR ("Charges of misconduct or incapacity shall be established by clear and convincing evidence, and the burden of proof of the charges shall be on the disciplinary counsel.").

## III.     Discussion

Respondent maintains she was not required to notify opposing counsel of the subpoenas. We disagree.

Rule 45 of the South Carolina Rules of Civil Procedure sets forth the procedures for issuing a subpoena. Rule 45(b)(1) explains when a party issuing a subpoena must provide notice of the subpoena to an opposing party. It provides, in pertinent part: "Unless otherwise ordered by the court, *prior notice in writing of any commanded production of documents and things* or inspection of premises before trial *shall be served on each party* in the manner prescribed by Rule 5(b) at least 10 days before the time specified for compliance." Rule 45(b)(1), SCRCP (emphasis added). South Carolina added this notice provision in accordance with a

similar provision in Rule 45 of the Federal Rules of Civil Procedure,[2] which, at that time,[3] stated, in relevant part: "If the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served, a notice must be served on each party." Fed. R. Civ. P. 45(b)(1). This notice provision was added to the Federal Rules of Civil Procedure by a 1991 amendment, the comment to which explained:

> The purpose of such notice is to afford other parties an opportunity to object to the production or inspection, or to serve a demand for additional documents or things. Such additional notice is not needed with respect to a deposition because of the requirement of notice imposed by Rule 30 or 31. But when production or inspection is sought independently of a deposition, other parties may need notice in order to monitor the discovery and in order to pursue access to any information that may or should be produced.

Fed. R. Civ. P. 45(b)(1) cmt.

Respondent interprets Rule 45(b)(1), SCRCP as requiring notice to the opposing party only when issuing a subpoena commanding the production of documents before a hearing or a trial. Therefore, according to Respondent, she was not required to notify opposing counsel because the subpoenas commanded the production of documents at the hearing. While Respondent acknowledged she invited the records custodian to produce the documents before the hearing, Respondent attempts to distinguish this situation from one in which the notice

---

[2] *See* Rule 45, SCRCP cmt. ("Rule 45 is amended to conform to federal Rule 45, as amended in December 1991.").

[3] In 2013, the Advisory Committee on Rules of Civil Procedure ("Committee") moved the notice provision to Rule 45(a)(4), and clarified that the notice must include a copy of the subpoena. Fed. R. Civ. P. 45(a)(4) cmt. The Committee made these changes in order "to achieve the original purpose of enabling the other parties to object or to serve a subpoena for additional materials." *Id.* Accordingly, Rule 45(a)(4) now provides: "If the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party." Fed. R. Civ. P. 45(a)(4).

requirement would apply under her interpretation of the rule by stating it was merely a request not a command.

We need not delve too deep into Respondent's argument because we disagree with Respondent's interpretation of Rule 45, SCRCP. Instead, we interpret the rule as requiring that notice be given to the opposing party anytime a party issues a subpoena commanding the production of documents, *regardless of when the documents are commanded to be produced.* *See* James F. Flanagan, *South Carolina Civil Procedure*, at 387 (3d ed. 2010) ("The last sentence of Rule 45(b)(1) requires that notice be given to other parties if a subpoena requesting production of materials is served on a non-party. The notice keeps all parties abreast of the pending discovery and upon request, they may obtain copies of the material produced."). Our interpretation is consistent with the purpose of the notice provision, the remaining provisions of Rule 45,[4] decisions from federal courts interpreting the notice provision in Rule 45 of the Federal Rules of Civil Procedure,[5] and with a previous order from this Court in which we clarified:

> [A] subpoena may be used for the production, inspection or copying of books, documents or tangible objects, or for the inspection of premises. Rule 45(a), SCRCP. When used for this purpose, the subpoena may be issued only to compel a witness to produce materials in his possession or control at the time the subpoena is

---

[4]  For example, Rule 45 provides that the opposing party must make a written request in order to receive a copy of the documents procured from a subpoena. Rule 45(c)(2)(A), SCRCP. In order to make such a request, however, the opposing party must have notice of the subpoena.

[5]  *See, e.g.*, *Judson Atkinson Candies, Inc. v. Latini-Hohberger Dhimantec*, 529 F.3d 371, 386 (7th Cir. 2008) ("A party must serve each party with prior notice if the subpoena commands the production of documents."); *Murphy v. Bd. of Educ. of Rochester City Sch. Dist.*, 196 F.R.D. 220, 222 (W.D.N.Y. 2000) ("Without question, Rule 45(b)(1) requires a party issuing a subpoena for the production of documents to a non-party to 'provide prior notice to all parties to the litigation.'" (quoting *Schweizer v. Mulvehill*, 93 F. Supp. 2d 376, 411 (S.D.N.Y. 2000)); *Anderson v. Gov't of Virgin Islands*, 180 F.R.D. 284, 291 (D.V.I. 1998) ("Before serving any subpoena, a party is required to provide notice to all other parties in the litigation to allow them the equal opportunity to review and obtain the materials at the same time as the party who served the subpoena.").

served; it may not be used to require a witness to perform any other affirmative act such as preparing a sworn statement. Wright & Miller, <u>Federal Practice and Procedure: Civil</u> § 2454 (1971); 97 C.J.S. <u>Witnesses</u> § 25e (1957). ***Unless otherwise ordered by the court, notice of the issuance of this kind of subpoena must be served on all parties to the action***. Rule 45(b)(1), SCRCP.

S.C. Sup. Ct. Order dated Oct. 9, 1993 (Davis Adv. Sh. No. 25) (emphasis added).

Accordingly, we hold Respondent violated Rule 45, SCRCP by failing to notify opposing counsel. We also conclude Respondent's issuance of the subpoenas contravened Rule 25, SCRFC, which prohibits discovery in the family court without a court order or a stipulation by both parties, since neither condition was in effect when Respondent issued the subpoenas. As the Hearing Panel pointed out:

> It is abundantly clear from the record that Respondent issued the subpoenas as a discovery tool to obtain the financial records of the opposing party because Respondent had not yet received the financial declaration. The subpoenas . . . were clearly an attempt by Respondent to discover information and not to compel the appearance of a witness at a temporary hearing.

Thus, we find there is clear and convincing evidence Respondent violated Rule 8.4(e), RPC, Rule 407, SCACR (providing a lawyer shall not "engage in conduct that is prejudicial to the administration of justice"); Rule 7(a)(1), RLDE, Rule 413, SCACR (proclaiming lawyer shall not violate the Rules of Professional Conduct or any other rules regarding the professional conduct of lawyers); and Rule 7(a)(5), RLDE, Rule 413, SCACR (prohibiting lawyer from "engag[ing] in conduct tending to pollute the administration of justice or to bring the courts or the legal profession into disrepute or demonstrating an unfitness to practice law"). We further find clear and convincing evidence Respondent violated Rule 4.1(a), RPC, Rule 407, SCACR (explaining "lawyer shall not knowingly . . . make a false statement of material fact or law to a third person") and Rule 8.4(d), RPC, Rule 407, SCACR (recognizing it is professional misconduct for a lawyer to "engage in conduct involving dishonesty, fraud, deceit or misrepresentation"), because Respondent

signed the subpoenas, certifying she notified opposing counsel as required under Rule 45, SCRCP.[6]

In addition to the misconduct that gave rise to this case, Respondent has been sanctioned for misconduct in two previous instances that involved improperly subpoenaing an out-of-state party and issuing a subpoena in a case that was not pending. These incidents coupled with Respondent's misconduct in this case indicate an admonition is insufficient to deter Respondent from improperly issuing subpoenas in the future.

## IV. Conclusion

For the abovementioned reasons, we find Respondent's misconduct warrants a public reprimand. Accordingly, we accept the majority of the Hearing Panel's recommendation to publicly reprimand Respondent for her misconduct. In addition, Respondent shall, within thirty days of the date of this opinion, pay the costs incurred in the investigation of this matter by ODC and the Commission. Finally, Respondent shall complete the South Carolina Bar's Legal Ethics and Practice Program Ethics School within one year of the date of this opinion. Respondent shall provide proof of her completion to the Commission no later than ten days after the conclusion of the program.

---

[6] It has also come to our attention that some attorneys will receive documents from a witness prior to the time the witness was commanded to appear with the documents. Once the attorney receives the documents, the witness is generally released from their obligation to appear without any notice to the opposing party, who is still under the expectation that the witness will appear at the trial or hearing with the requested documents. We caution against this practice. Further, we conclude not only must an attorney notify the opposing party when subpoenaing the production of documents, but the opposing party must also be notified anytime the party issuing the subpoena receives the documents prior to the time requested in the subpoena. To hold otherwise would circumvent the purpose of the notice provision and would allow the party issuing the subpoena to gain a competitive advantage over the opposing party who may have no knowledge of the contents of the documents until the trial or hearing.

**PUBLIC REPRIMAND.**

**PLEICONES, C.J., BEATTY, KITTREDGE, HEARN and FEW, JJ., concur.**