# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

In the Matter of Lisa Fisher, Respondent.

Appellate Case No. 2020-000226

---

Opinion No. 28006
Submitted December 30, 2020 – Filed January 27, 2021

---

## PUBLIC REPRIMAND

---

Disciplinary Counsel John S. Nichols and Senior
Assistant Disciplinary Counsel Ericka Williams, both of
Columbia, for the Office of Disciplinary Counsel.

James M. Griffin, Esquire, of Griffin Davis LLC, of
Columbia, for Respondent.

---

**PER CURIAM:**    Respondent Lisa Fisher was sanctioned for violating Rule 11, SCRCP, and the South Carolina Frivolous Civil Proceedings Sanctions Act, S.C. Code Ann. §§ 15-36-10 to -100 (Supp. 2018), during the lengthy dispute regarding the estate of Respondent's late great-aunt.  These sanctions were reported to the Commission on Lawyer Conduct,[1] and formal charges were filed against Respondent on April 17, 2019, alleging she engaged in frivolous and abusive litigation tactics that constituted misconduct.  Following a hearing, a Panel of the Commission on Lawyer Conduct (the Panel) found Respondent committed misconduct and recommended Respondent receive a Letter of Caution and be ordered to pay the costs of the disciplinary proceedings.  Both Respondent and the Office of Disciplinary Counsel have filed exceptions to the Panel Report.  We issue a public reprimand.

---

[1] *See* S.C. Code Ann. § 15-36-10(H) ("If the court imposes a sanction on an attorney in violation of the provisions of this section, the court shall report its findings to the Commission on Lawyer Conduct.").

Respondent is licensed to practice law in California. However, at all times relevant to the matters alleged in the formal charges, she was admitted *pro hac vice* in South Carolina, and thus is subject to the South Carolina attorney disciplinary process by virtue of Rule 404(d)(9), SCACR (requiring attorneys admitted *pro hac vice* to "submit to the jurisdiction of the South Carolina courts and the South Carolina disciplinary process"). We further find Respondent meets the definition of "lawyer" as set forth in Rule 2(r), RLDE, Rule 413, SCACR, as a result of her "providing or offering to provide legal services in South Carolina."[2]

Respondent's great-aunt passed away in February 2009, and through a series of frivolous pleadings, motions, and appeals, Respondent raised various challenges to the will and protracted the related litigation for over ten years until the Supreme Court of the United States finally denied her petition for a writ of certiorari. *See Fisher v. Huckabee*, 140 S.Ct. 59 (2019) (denying certiorari); *Fisher v. Huckabee*, 422 S.C. 234, 811 S.E.2d 739 (2018) (rejecting Respondent's legally flawed claims). In our opinion addressing the lower court's award of sanctions against Respondent, this Court concluded Respondent lacked standing and repeatedly pursued claims that were meritless and wholly without evidence to support them. *Fisher v. Huckabee*, Op. No. 2018-MO-039 (S.C. Sup. Ct. filed Dec. 12, 2018) (withdrawn, substituted, and refiled Jan. 16, 2019). In doing so, we observed Respondent "has certainly engaged in abusive litigation tactics that amount to sanctionable conduct" under Rule 11, SCRCP. *Id*. at 3. Respondent's misconduct resulted in a substantial waste of time, judicial resources, and estate assets.

Accordingly, we accept the Panel's finding that Respondent violated Rule 3.1, RPC, Rule 407, SCACR (setting forth a lawyer's duty not to abuse legal procedure through frivolous proceedings). We further find Respondent committed professional misconduct under Rule 8.4(a), RPC, Rule 407, SCACR, which constitutes grounds for discipline under Rule 7(a)(1), RLDE, Rule 413, SCACR. We find a public reprimand is the appropriate sanction, *cf. In re Fabri*, 418 S.C. 384, 793 S.E.2d 306 (2016) (publicly reprimanding attorney for litigation conduct that violated the South Carolina Rules of Civil Procedure), and we hereby publicly reprimand Respondent and order her to pay the costs of these proceedings within thirty (30) days of this opinion.

---

[2] *See Fisher v. Huckabee*, Op. No. 2018-MO-039, at 3 (S.C. Sup. Ct. filed Dec. 12, 2018) (withdrawn, substituted, and refiled Jan. 16, 2019) (finding Respondent provided advice to her mother, who was a named party to the action, during the course of the estate litigation).

**PUBLIC REPRIMAND.**

**BEATTY, C.J., KITTREDGE, HEARN, FEW and JAMES, JJ., concur.**