**Christopher PHILLIPS, Appellant,**

v.

**STATE of Tennessee, Appellee.**

Court of Criminal Appeals of Tennessee, at Nashville.

Aug. 11, 1994.

Permission to Appeal Denied by Supreme Court Oct. 31, 1994.

Gina L. Zylstra, Bradley, Van Sant, Essary & Zylstra, Nashville, for appellant.

Charles W. Burson, Atty. Gen. and Reporter, Eugene J. Honea, Asst. Atty. Gen., Crim. Justice Div., Nashville, Michael McCown, Dist. Atty. Gen., Weakley Bernard, Asst. Dist. Atty. Gen., Fayetteville, for appellee.

## OPINION

WELLES, Judge.

The Defendant, Christopher Phillips, appeals as of right the trial court's order dismissing his petition for post-conviction relief, holding same was barred by Tennessee Code Annotated section 40-30-102. We affirm the judgment of the trial court.

The Defendant argues three issues for review. The first is whether the statute of limitations bars the filing of his petition.

The second is whether the trial court erred in not holding an evidentiary hearing on the Defendant's constitutional claims. The third is whether there was sufficient evidence to convict the Defendant of aggravated kidnapping. Because we agree with the trial court that the petition is time-barred, we only address the first issue.

On July 12, 1989 the Defendant was extradited from Alabama, where he was serving a sentence, to Tennessee for trial on charges of aggravated rape, aggravated kidnapping and armed robbery. Defendant met with his appointed counsel on July 13, and his counsel suggested he enter a plea of guilty. Defendant states in his petition that he was unaware the guilty plea was being made. He further states that he became so mentally disturbed during the entry of his plea that he could not answer all the questions and had his lawyer answer for him. His convictions were entered on July 14, 1989.

Defendant was sentenced to thirty (30) years for aggravated rape, thirty (30) years for aggravated kidnapping, and twenty (20) years for armed robbery. These sentences were to be served consecutively. He was then returned to custody in Alabama and was not in custody in Tennessee until July 27, 1993. He filed this petition for post-conviction relief on November 9, 1993.

The first issue argued is that the statute of limitations should not be applied to Defendant's post-conviction petition. The Defendant argues that he was in custody in Alabama when the statute ran. He argues that the statute of limitations should not apply to his petition because he was not and is not a resident of the state of Tennessee, he had no access to a law library which contained Tennessee law, he had no access to an appointed lawyer with knowledge of Tennessee law and he was "effectively denied assistance of other inmates knowledgeable of the laws" of Tennessee.

The Defendant cites *Burford v. State,* 845 S.W.2d 204 (Tenn.1992), to support his argument. This, however, is not a *Burford* situation. In *Burford,* the Tennessee Supreme Court stated that in certain situations the application of the three year statute of limitations would be a violation of a person's due process rights. In *Burford* the defendant was caught in a procedural trap. *Burford,* 845 S.W.2d at 208. He could not challenge one sentence until another's validity was decided. *Id.* For this reason, Burford was left with only ten months before the statute would run. *Id.* at 209.

The Defendant's case is totally distinguishable from *Burford.* The Defendant's case does not deal with a situation where the actual facts changed, as they did in *Burford.* The Defendant had the full three years to file a post-conviction petition. The fact that the Defendant was incarcerated in another state does not deny his rights to due process. This court has held that being incarcerated in another state, subject to a detainer within this state, still constitutes "custody" as used in Tennessee Code Annotated section 40–30–102. *Spence v. State,* No. 968, slip. op. at 2–3, 1991 WL 229004 (Tenn.Crim.App., Knoxville, filed Nov. 8, 1991).

The situation in *Spence* is similar to the case *sub judice.* The defendant was incarcerated in Ohio when his statute began to run. *Id.* at 1. He was in custody in Ohio for all but three months of his statutory period. *Id.* He filed his post-conviction petition one year after the statute had run, and this court held that it was barred by the statute. *Id.* at 2–3. Incarceration in another state does not affect the running of the statute of limitations.

The Defendant had the full three years to submit a post-conviction petition. The Tennessee Supreme Court has held that three years is a reasonable amount of time, and therefore, the post-conviction statute of limitations is constitutional and not a violation of Defendant's due process rights. *Burford,* 845 S.W.2d at 208.

We agree with the judgment of the trial court that the instant petition is time-barred. The judgment is affirmed.

TIPTON, J., and STEPHEN M. BEVIL, Special Judge, concur.