# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

### OCTOBER SESSION, 1998

FILED

February 18, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **GUILLERMO MATIAZ JUAN,** | ) | **C.C.A. NO. 03C01-9708-CR-00318** |
| | ) | |
| Appellant, | ) | |
| | ) | **HAMILTON COUNTY** |
| **V.** | ) | |
| | ) | |
| | ) | **HON. REBECCA J. STERN, JUDGE** |
| **STATE OF TENNESSEE,** | ) | |
| | ) | |
| Appellee. | ) | **(POST-CONVICTION)** |

FOR THE APPELLANT:                    FOR THE APPELLEE:

**GUILLERMO MATIAZ JUAN, *pro* se**        **JOHN KNOX WALKUP**
Southeastern Tennessee State              Attorney General & Reporter
Regional Correctional Facility
Route 4, Box 600                          **MICHAEL J. FAHEY, II**
Pikeville, TN  37367-9243                 Assistant Attorney General
                                          2nd Floor, Cordell Hull Building
                                          425 Fifth Avenue North
                                          Nashville, TN  37243

                                          **WILLIAM H. COX, III**
                                          District Attorney General

                                          **STAN LANZO**
                                          Assistant District Attorney General
                                          600 Market Street, Suite 310
                                          Chattanooga, TN  37402

OPINION FILED _____

AFFIRMED

THOMAS T. WOODALL, JUDGE

# OPINION

The Petitioner, Guillermo Matiaz Juan, appeals as of right from the trial court's order denying his petition for post-conviction relief. Petitioner was charged in the Hamilton County Criminal Court with first degree premeditated murder, felony murder, aggravated burglary, and theft. Pursuant to a plea agreement, Petitioner pled guilty to the lesser offense of second degree murder, and the remaining charges were dismissed. The plea to second degree murder was taken on October 21, 1991. There was no direct appeal from this plea. Petitioner filed his petition for post-conviction relief on June 10, 1997. The trial court dismissed the petition on June 25, 1997 on the basis that the petition was barred by the applicable statute of limitations. We affirm the judgment of the trial court.

Relying upon Burford v. State, 845 S.W.2d 204 (Tenn. 1992), Petitioner asserts that his rights to due process were violated by application of the statute of limitations. Petitioner, in essence, argues that the statute of limitations at Tennessee Code Annotated section 40-30-102 (Repealed May 1, 1995) is not applicable to him because he cannot read, write, or speak the English language. Specifically, Petitioner sets forth in his brief:

> Since he [Petitioner] cannot speak, read, or write the English language,
> his failure to comply with the three-year statute of limitations was
> intrinsically beyond his capabilities.

Petitioner also relies upon Watkins v. State, 903 S.W.2d 302 (Tenn. 1995). In Watkins, our supreme court held that application of the statute of limitations where a petitioner is mentally incompetent during the period the statute

is running would violate constitutional due process. Id. at 305-06 (*citing* Burford, 845 S.W.2d at 205, 208).

However, in a factual situation more akin to the case sub judice, our court in Phillips v. State, 890 S.W.2d 37 (Tenn. Crim. App. 1994), held that the statute of limitations was not tolled because the petitioner was incarcerated in another state. Specifically, our court stated:

> The first issue argued is that the statute of limitations should not be applied to Defendant's post-conviction petition. The Defendant argues that he was in custody in Alabama when the statute ran. He argues that the statute of limitations should not apply to his petition because he was not and is not a resident of the state of Tennessee, he had no access to a law library which contained Tennessee law, he had no access to an appointed lawyer with knowledge of Tennessee law, and he was 'effectively denied assistance of other inmates knowledgeable of the laws' of Tennessee.

Phillips, 890 S.W.2d at 38 (emphasis added).

In an unrelated case, State v. Phillips, 904 S.W.2d 123, 124 (Tenn. Crim. App. 1995), our court more recently noted that "a petitioner's ignorance of the existence of the statute of limitation, even when alleged to stem from an attorney's negligent failure to render advice to the petitioner, does not toll the running of the statute." (*Citing* Raymond Dean Willis v. State, No. 01C01-9211-CR-00359, Davidson County (Tenn. Crim. App., Oct. 21, 1993), perm. app. denied (Tenn. 1994).

It appears the law is well settled that mere ignorance of the law concerning the statute of limitations, or even the existence of the statute of

limitations, by whatever means (other than mental incompetence), does not rise to the status of being violative of constitutional due process.

Accordingly, the judgment of the trial court summarily dismissing the petition for post-conviction relief because it was filed outside the statute of limitations is affirmed.

_____
THOMAS T. WOODALL, Judge

CONCUR:


_____
GARY R. WADE, Presiding Judge


_____
DAVID H. WELLES, Judge