IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs December 18, 2018

**ALEJANDRO VASQUEZ v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for Lake County**
**No. 16-CR-10177    R. Lee Moore, Jr., Judge**

_____

**No. W2018-00692-CCA-R3-PC**

_____

The Petitioner, Alejandro Vasquez, appeals the dismissal of his petition for post-conviction relief, arguing that due process considerations should toll the running of the statute of limitations because he is a native Spanish speaker and cannot speak English. Following our review, we affirm the dismissal of the petition as time-barred.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and D. KELLY THOMAS, JR., JJ., joined.

Alejandro Vasquez, Tiptonville, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Garrett D. Ward, Assistant Attorney General; Danny H. Goodman, Jr., District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**FACTS**

The Petitioner was indicted on March 14, 2016, for two counts of introduction of contraband into a penal institution and one count of possession of contraband in a penal institution. On April 25, 2016, the Petitioner pled guilty to one count of introduction of contraband into a penal institution and one count of possession of contraband in a penal institution. The trial court imposed an effective four-year sentence at 30%, to be served consecutively to the Petitioner's prior sentences.

On February 26, 2018, the Petitioner filed a pro se petition for post-conviction relief, essentially arguing that he received ineffective assistance of counsel and that his guilty plea was unconstitutional. The Petitioner included a pro se "Motion to File Late First Petition for Post Conviction Relief," "Motion for Special Appointment of Spanish-Speaking Counsel for Petitioner's First Petition for Post Conviction Relief," and "Motion for Special Appointment of an Interpreter for Post Conviction Relief" with his petition. The motion to late-file his petition conceded that he had missed the deadline for filing a petition for post-conviction relief but argued that the court should "at a very minimum, . . . order and hold a due process hearing" because the Petitioner "has difficulty understanding the English language" and "has no understanding of 'the law' in order to orchestrate a Petition for Post Conviction Relief, either properly, adequately or in a meaningful time and manner; nor is he able to comprehend and appreciate that he had missed a 'statute of limitation' for filing this petition."

On March 6, 2018, the post-conviction court entered a written order summarily dismissing the petition as untimely and denying the motions as moot. The Petitioner filed a notice of appeal on April 16, 2018, which he timely sent via first class mail on April 3, 2018. The Petitioner now argues on appeal that the trial court should have held an evidentiary hearing on his motion to late file his petition, rather than summarily dismissing it.

## ANALYSIS

Under the Post-Conviction Procedure Act, a claim for post-conviction relief must be filed "within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final, or consideration of the petition shall be barred." Tenn. Code Ann. § 40-30-102(a).

The post-conviction statute contains a specific anti-tolling provision:

The statute of limitations shall not be tolled for any reason, including any tolling or saving provision otherwise available at law or equity. Time is of the essence of the right to file a petition for post-conviction relief or motion to reopen established by this chapter, and the one-year limitations period is an element of the right to file the action and is a condition upon its exercise. Except as specifically provided in subsections (b) and (c), the right to file a petition for post-conviction relief or a motion to reopen under this chapter shall be extinguished upon the expiration of the limitations period.

Id.

Subsection (b) of the statute sets forth the three narrow exceptions under which an untimely petition may be considered, none of which is applicable in this case. See Whitehead v. State, 402 S.W.3d 615, 622-23 (Tenn. 2013) (identifying three circumstances under which due process requires tolling of the post-conviction statute of limitations: (1) when a claim for relief arises after the statute of limitations has expired; (2) when a petitioner is prevented by his or her mental incompetence from complying with the statute's deadline; and (3) when attorney misconduct necessitates the tolling of the statute). Due process tolling "must be reserved for those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Id. at 631-32.

In the instant case, it is undisputed that the Petitioner filed his petition well outside the one-year statute of limitations, specifically eight months after the statute of limitations expired. However, he makes several arguments for tolling the statute of limitations. As best we can understand, the Petitioner first asserts that he is entitled to tolling, or at least an evidentiary hearing, because the post-conviction court record does not "reflect that the court ever reviewed the record of the guilty plea proceedings[,]" which allegedly demonstrate that he was not given an interpreter or asked to state under oath that he understands English. We note that the guilty plea hearing transcript is not included in the record on appeal, which the Petitioner asserts is due to the court's "fail[ing] to order the transcript of the guilty plea hearing prior to disposing of this case by summary dismissal." The Petitioner also argues that due process entitles him to tolling of the statute of limitations, because "extraordinary circumstances," namely his alleged lack of English proficiency, prevented him from timely filing his petition for post-conviction relief. The Petitioner finally asserts that he "had no knowledge of any statute of limitations or what a [post-conviction relief] petition actually was prior to obtaining the legal assistance he has now[,]" and the "language barrier has stood in the way of the [Petitioner's] . . . access to the courts in a meaningful time and manner[.]"

The Petitioner criticizes the post-conviction court for "fail[ing] to reach the merits of any of the claims raised in the late-filed [post-conviction relief] petition, summarily dismissing the petition and accompanying motions instead." Instead, the Petitioner seems to assert that the post-conviction court should have automatically reviewed the record of the guilty plea proceedings and, assumedly, thereafter reached the merits of the petition. However, as we have previously stated, if the petition is not filed within one year, consideration of the petition by the post-conviction court is barred. Tenn. Code Ann. § 40-30-102(a). Limited statutory exceptions and the principles of due process may, in very limited circumstances, require the tolling of the one-year statute of limitations. See Seals v. State, 23 S .W.3d 272 (Tenn. 2000); Burford v. State, 845 S.W.2d 204 (Tenn. 1992). When a petitioner seeks tolling of the limitations period on

- 3 -

the basis of due process, however, he is obliged "to include allegations of fact in the petition establishing . . . tolling of the statutory period," and the "[f]ailure to include sufficient factual allegations . . . will result in dismissal." State v. Nix, 40 S.W.3d 459, 464 (Tenn. 2001). As a general rule, the claim at issue must not have existed during the limitations period to trigger due process consideration. Tony Chandler v. State, No. W2011-02034-CCA-R3-PC, 2012 WL 3134345, at *3 (Tenn. Crim. App. Aug. 1, 2012) (citing Seals, 23 S.W.3d at 277).

As this court reasoned in Tony Chandler, the Petitioner knew at the time he entered his guilty plea whether he was guilty of introducing and possessing contraband in a penal institution. As such, he could have maintained his innocence or challenged the voluntariness of his guilty plea or effectiveness of his counsel within the one-year statute of limitations. The Petitioner argues that he did not do so in a timely manner because of the language barrier and his lack of knowledge regarding what a post-conviction petition was and its applicable statute of limitations.

Despite this assertion, the State correctly notes that the Petitioner has previously filed a timely post-conviction petition with this court. See Alejandro Neave Vasquez v. State, No. 2014-01404-CCA-R3-PC, 2015 WL 3406803 (Tenn. Crim. App. May 28, 2015), perm. app. denied (Tenn. Sept. 17, 2015). This previous post-conviction petition belies the Petitioner's assertion that he had "no knowledge of any statute of limitations or what a [post-conviction relief] petition actually was prior to obtaining the legal assistance he has now[,]" and the "language barrier has stood in the way of the [Petitioner's] . . . access to the courts in a meaningful time and manner[.]" Further, we note that the Petitioner filed a handwritten pro se petition for writ of certiorari with this court on May 5, 2016, which this court denied on June 2, 2016. See Order denying motion for writ of certiorari, Alejandro Vasquez v. State, No. M2016-00902-CCA-WR-CO (filed June 2, 2016).

This order was filed while the Petitioner was incarcerated at the same prison complex as he was during the one-year statute of limitations period for the instant petition for post-conviction relief, which ran from May 26, 2016, until May 26, 2017. Even if the Petitioner did not actually write the handwritten pro se petition, he was obviously able to communicate with someone well enough to relay his situation and have access to at least some legal resources. This undermines the Petitioner's "Letter to Institutional Principal Ronnie Lanier," which he attached as an exhibit to his petition for post-conviction relief, in which his prison legal aid asserted that the Petitioner had "diligently tried . . . unsuccessfully to obtain legal assistance" since he entered the prison complex in 2015, and he possessed an "inability to understand his legal rights and interests[.]"

- 4 -

The Petitioner also relies heavily on Ugenio Desjesus Ruby-Ruiz v. State, No. M2017-00834-CCA-R3-PC, 2018 WL 1614054 (Tenn. Crim. App. Feb. 13, 2018), to support his argument that the trial court should have at least conducted an evidentiary hearing to determine if he was entitled to equitable tolling of the statute of limitations for his present post-conviction petition. He admittedly "filed identical motions" to those filed in that case in order to "follow Mr. Ruiz'[s] lead." However, despite the identical motions, the facts of the instant case are easily distinguishable from those in Ruby-Ruiz v. State, 2018 WL 1614054. In Ruby-Ruiz, the Petitioner was represented by appellate counsel until our supreme court denied the Petitioner's application to appeal approximately a month and a half before the statute of limitations expired for filing a petition for post-conviction relief. Ruby-Ruiz v. State, 2018 WL 1614054, at *3. The application to our supreme court was late-filed and subsequently dismissed as untimely because of appellate counsel's "dealing with a private issue . . . which ha[d] taken almost all of [his] attention." Id. at *1. The petitioner then filed a pro se motion for post-conviction relief, which was filed less than two months outside the statute of limitations. Id. at *3. Neither party addressed the statute of limitations, as the post-conviction court had incorrectly found the petition to be timely. Id. at *1. This court then remanded the case for an evidentiary hearing to determine "[w]hat ramifications, if any, appellate counsel's representation may have had on the issue of statute of limitations" and whether the petitioner had "'enough time' . . . to pursue post-conviction relief" in the month and a half following the end of appellate counsel's representation. Id. at *3 (quoting Williams v. State, 44 S.W.3d 464, 471 (Tenn. 2001)).

Unlike the petitioner in Ruby-Ruiz, the Petitioner has already made arguments for due process tolling in both his post-conviction petition and on appeal. However, the Petitioner makes no arguments that his trial counsel somehow caused his untimely filing. In his petition for post-conviction relief, the Petitioner only references trial counsel in stating that "the Petitioner was NEVER informed by his attorney representing him during the guilty plea proceedings in this case . . . that [he] had one (1) year to file a Post Conviction Relief petition from the date of entry of his guilty plea." He further stated in his petition that he "is not represented by counsel" and "does not currently know who represented him at the time of the plea submission hearing." On appeal, the Petitioner only references trial counsel's actions during the plea submission hearing and does not allege that trial counsel contributed to the untimeliness of his post-conviction petition. He further presents no evidence, other than an unanswered letter, that he was not able to access legal resources while incarcerated. In fact, the Petitioner states that, "While there exists other documentary evidence supporting the [Petitioner's] diligent request for adequate legal assistance and adequate interpreter at the institutional level; including requests for Spanish legal materials and research tools, those documents were better served at an evidentiary hearing."

- 5 -

Despite the Petitioner's arguments that his alleged lack of English proficiency and lack of access to legal resources while in prison entitle him to due process tolling, this court has previously rejected the argument that due process requires that the post-conviction statute of limitation not be applied to petitioners who cannot read, write, or speak the English language. See Guillermo Matiaz Juan v. State of Tennessee, No. 03C01-9708-CR-00318, 1999 WL 76453 at *2 (Tenn. Crim. App. Feb. 18, 1999), perm. app. denied (Tenn. July 12, 1999); see also Garcia Flores Isodoro v. State, No. M2002-01345-CCA-R3-CO, 2003 WL 1610877 at *1 (Tenn. Crim. App. Mar. 27, 2003), perm. app. denied (Tenn. June 30, 2003). This court has also held that a petitioner who argued that he had no access to a law library containing Tennessee law, counsel, or other knowledgeable inmates while in prison was not entitled to due process tolling. See Phillips v. State, 890 S.W.2d 37, 38 (Tenn. Crim. App. 1994). This court has reached the same conclusion even when a petitioner asserts an entitlement to due process tolling because of "ignorance of the existence of the statute of limitation, even when alleged to stem from an attorney's negligent failure to render advice to the petitioner[.]" See State v. Phillips, 904 S.W.2d 123, 124 (Tenn. Crim. App. 1995).

As this court has previously explained, "due process serves to toll the post-conviction statute of limitations for petitioners who face circumstances beyond their control . . . which preclude them from actively raising their post-conviction claims." Crystle D. Rutherford v. State, No. M2013-01575-CCA-R3-PC, 2014 WL 1669960, at *2 (Tenn. Crim. App. Apr. 25, 2014) (citing Williams, 44 S.W.3d at 469). The Petitioner fails to demonstrate how circumstances beyond his control caused his petition for post-conviction relief to be untimely. He does not argue that his trial counsel misled him or in any way caused his untimely filing. Though he argues that he did not understand his legal rights or have access to legal resources, he presents no evidence supporting such an assertion, other than the unanswered letter, instead making the blanket assertion that such evidence exists but would be "better served at an evidentiary hearing." As we have laid out, the Petitioner has previously filed timely pro se petitions with this court and was therefore able to communicate with others and understand his legal rights enough to file those previous petitions, despite his arguments otherwise. He further knew of his ineffective assistance of counsel and English deficiency claims at the time of his guilty plea hearing. The Petitioner fails to show how exceptional circumstances prevented him from timely filing his petition for post-conviction relief or that he diligently pursued his rights. The Petitioner is accordingly not entitled to relief.

## CONCLUSION

Based on the foregoing authorities and reasoning, we affirm the judgment of the post-conviction court dismissing the petition for post-conviction relief as time-barred.

_____
ALAN E. GLENN, JUDGE