IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs March 3, 2020

## ERIC WOOTEN v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
No. 15-05341          W. Mark Ward, Judge

_____

### No. W2019-01228-CCA-R3-PC
_____

The petitioner, Eric Wooten, appeals the dismissal of his petition for post-conviction relief arguing the post-conviction court erred in dismissing his petition as untimely. Upon review, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

J. ROSS DYER, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR. and TIMOTHY L. EASTER, JJ., joined.

Shae Atkinson, Memphis, Tennessee, for the appellant, Eric Wooten.

Herbert H. Slatery III, Attorney General and Reporter; Brent C. Cherry, Senior Assistant Attorney General; Amy P. Weirich, District Attorney General, and Holly Palmer and Justin Prescott, Assistant District Attorneys General, for the appellee, State of Tennessee.

## OPINION

### Factual and Procedural History

On June 1, 2016, the petitioner pled guilty to aggravated sexual battery and solicitation of a minor for which he received concurrent sentences of fifteen and eight years respectively. On May 15, 2018, the petitioner filed a petition for post-conviction relief in which he alleged his guilty plea was not knowingly and voluntarily entered; he was denied effective assistance of counsel; and his plea was the result of coercion and inducement. After the appointment of counsel, the petitioner filed an amended petition. The State subsequently filed a motion to dismiss arguing the petition was untimely and barred by the applicable statute of limitations.[1]

_____

[1] The State's motion to dismiss is not included in the record on appeal.

On June 20, 2019, the trial court conducted an evidentiary hearing to determine "whether or not the statute of limitations should be waived or tolled or whether [the petition] should be dismissed for having been filed outside [the] statute of limitations." At the hearing, the petitioner testified he was unaware of the post-conviction process and potential remedies prior to and immediately after entering his guilty plea. According to the petitioner, he first became aware of the post-conviction process six months into his sentence while discussing his case with his cellmate. Prior to speaking with his cellmate, the petitioner kept to himself and did not talk to anyone because his "charge" involved an offense against a minor. The petitioner also explained that he initially tried to do some research on his own in the prison library but other inmates would not help him and even "prevented me from putting in my research because of my charge." Shortly after the petitioner learned of the post-conviction process, the institution was placed on lockdown for over a month which, according to the petitioner, precluded him from researching and obtaining the "paperwork" needed to file a petition for post-conviction relief. Once the lockdown was lifted, another three months passed before the petitioner obtained the needed "paperwork." According to the petitioner, it took "about a year and a month" from the time he arrived at the Department of Correction until he received all the paperwork he needed for filing his petition.

On cross-examination, the petitioner admitted he never asked his family for help despite speaking to them regularly during the first six to nine months of his sentence. He also admitted he did not request assistance from the attorney who handled his guilty plea.

When examined by the post-conviction court, the petitioner admitted he knew at the six-month mark that he had one year from the date of his judgment to file his petition. When questioned as to what documents he was waiting on in order to file his petition, the petitioner answered, "basically all my affidavits or anything that this is my charge." When asked to clarify his answer and more clearly explain what paper work he was waiting on, the petitioner stated "I can't remember the name of it." As the trial court continued this line of questioning, the petitioner informed the trial court that he was "waiting on copies of the post-conviction petition. I was waiting on copies of my guilty – guilty plea . . . ." The petitioner, however, admitted he knew the attorney who represented him during his guilty plea, what he pled guilty to, and the sentence he received as a result of his plea. He was also aware the statute was running during this time. Finally, when asked to explain why he waited two years from the entry of his judgment to file his petition even after receiving the paper work he had been waiting on, the petitioner was unable to explain.

At the conclusion of the hearing, the post-conviction court found the petition untimely. The court also determined that the petitioner failed to show why due process

should allow for the tolling of the statute of limitations. After concluding none of the legislative or caselaw exceptions allowing for the tolling of the statute of limitations applied to the petitioner's case, the post-conviction court held,

> Well, of course, I'm – I'm reminded of some cases that deal with the statute of limitations. Here's one, Court of Criminal Appeals case I pulled up this morning, *Jacobs v. State*, 2010 [WL] 3582493. That's Joshua Jacobs for those that don't have West Law. It's M2009-02263-CCA-R3-PC. Granted by the Court of Criminal Appeals on September 15, 2010, and it reminds us of cases that – the defendant's personal ignorance of post-conviction procedure is not a reason to toll the statute of limitations.

> Actually, if a lack of knowledge about the statute of limitations and ignorance was able to toll the statute of limitations, we would have no statute of limitations, because people would just be able to come in and say, I didn't know.

> . . .

> What I have here according to the – his own testimony is he was aware [] the statute of limitations was one year at the six-month mark. He knew there was a statute of limitations that was going to prevent this from being heard if [the petition] wasn't filed within six months, and he did nothing. He says essentially part of it was due to the lockdown and part of it was due because he didn't have his "necessary papers," whatever paperwork he needed.

> He knew his court conviction. He knew enough about this case to file a petition for post-conviction relief. If he waited on more paperwork, he waited at his own risk and his own peril. As far as his lockdown, I think that's a convenient excuse. I don't find it credible that he was in for six months – I don't think he's claiming the whole six months. I don't think there's any significant period of time that he – that prevented him from filing a petition.

> So – and then when he ultimately files it, he files it nearly two years later, even though he's testified he had ever – all the paperwork he needed at the 13-month mark. So I guess what I'm saying is, I find some of his excuse beyond credibility, but out of his own mouth I think that he was aware of the statute of limitations. I don't think there is anything

preventing him from complying with it – with it – with the rudimentary petition for post-conviction relief.

We all know they have the forms in the prison. I get them every day. He was counseled by his cellmate within six months, and he had within his own mind enough information to initiate the petition for post-conviction relief. So I – I just don't – I think based upon the circumstances I'm going to dismiss it for having filed – been filed outside the statute of limitations. I don't think there's any reason to excuse that.

The trial court entered its written order incorporating his oral ruling and dismissing the petition on June 6, 2019. This timely appeal followed.

*Analysis*

On appeal, the petitioner asserts the post-conviction court erred in dismissing his petition because "the late filing was beyond [the petitioner's] control." More specifically, the petitioner claims his petition was untimely because "his attorney not informing him of a post-conviction, having no knowledge about his right to challenge his guilty plea, not being able to discuss his case or receive help from the majority of inmates at the facility due to his sex charges involving a minor, receiving many threats from other inmates due to the nature of his charges, his facility being on lockdown, not having all the paperwork his needed to file his post-conviction petition, as well as, being locked out of the law library." The State responds that the post-conviction court properly dismissed the petition as time-barred because the petitioner was not diligent in pursing his rights despite knowing the statute of limitations was running. We agree with the State.

A post-conviction petitioner has one year from "the date of the final action of the highest state appellate court to which an appeal is taken" in which to file a petition for post-conviction relief. Tenn. Code Ann. § 40-30-102(a). "Time is of the essence of the right to file a petition for post-conviction relief." *Id.* Untimely filing of a post-conviction petition extinguishes a petitioner's post-conviction claims. *Id.*

If a petitioner faces circumstances beyond his control, due process concerns allow courts to review an otherwise untimely post-conviction petition. *See Williams v. State*, 44 S.W.3d 464, 468 (Tenn. 2001). The Tennessee Supreme Court has outlined limited circumstances which call for due process tolling of untimely post-conviction petitions. To qualify, a petitioner must prove his post-conviction petition was untimely due to mental impairment or attorney misrepresentation. *See Williams*, 44 S.W.3d at 470-71; *Seals v. State*, 23 S.W.3d 272, 277-80 (Tenn. 2000). Additionally, a petitioner is entitled to due process tolling if the grounds for post-conviction relief arose after the running of

- 4 -

the statute. *See Sands v. State*, 903 S.W.2d 297, 301-02 (Tenn. 1995) (citing *Burford v. State*, 845 S.W.2d 204, 208 (Tenn. 1992). "In every case in which we have held the statute of limitations is tolled, the pervasive theme is that circumstances beyond a petitioner's control prevented the petitioner from filing a petition for post-conviction relief within the statute of limitations." *Smith v. State*, 357 S.W.3d 322, 358 (Tenn. 2011) (emphasis in original). Thus, in order to succeed, a petitioner must provide sufficient facts which prove one of these limited circumstances affected the filing of his post-conviction petition. *Eddie Williams v. State*, No. W2011-00202-CCA-R3-PC, 2011 WL 2410364, at *1-2 (Tenn. Crim. App. June 9, 2011), *perm. app. denied*, (Tenn. Oct. 18, 2011). Absent sufficient facts establishing a petitioner is entitled to due process tolling, an untimely petition must be dismissed. *Id*.

On appeal, the petitioner concedes he filed an untimely post-conviction petition but asserts due process concerns should toll the one-year statute of limitations. However, no facts exist to support due process tolling of the one-year statute of limitations. The record reveals that the petitioner entered his guilty plea on June 1, 2016, and therefore, his judgment became final on July 1, 2016. *State v. Green*, 106 S.W.3d 646 (Tenn. 2003). As such, the statute of limitations for the petitioner's post-conviction claim expired on July 1, 2017, but the petition was not filed until May 15, 2018. Thus, the petition was untimely.

We agree with the post-conviction court's assessment of the petitioner's claims. Nothing in the record supports the due process tolling of the petitioner's claims. The record shows the petitioner was aware of the statute of limitations at the six-month mark of his sentence. Despite knowing the one-year statute of limitations was running and having sufficient information to at least file a "rudimentary" petition in order to initiate the process and stop the running of the statute, the petitioner filed nothing. Furthermore, even after the petitioner had the "needed paperwork" at the 13-month mark, he waited another ten months before filing his initial petition. When asked about this delay by the post-conviction court, the petitioner was unable to provide a reason. The record makes clear the petitioner filed his post-conviction petition outside of the one-year limitations period, and he has failed to present any facts to support due process tolling of the statute of limitations. Accordingly, the order of the post-conviction court denying the petitioner's post-conviction petition as time-barred must be upheld.

While the petitioner claims that he was unable to file the petition because he did not have access to the law library, the institution was on lockdown, and he did not receive all the "paperwork" he needed, this Court has held that a petitioner who argued that he had no access to a law library containing Tennessee law, counsel, or other knowledgeable inmates while in prison was not entitled to due process tolling. *See Phillips v. State*, 890 S.W.2d 37, 38 (Tenn. Crim. App. 1994). Additionally, in assessing the petitioner's

testimony and reasoning for not timely filing his petition, the post-conviction court found the petitioner's excuses "convenient" and not credible, and we will not re-evaluate the post-conviction court's conclusions. *See Henley v. State*, 960 S.W.2d 572, 579 (Tenn. 1997); *Tidwell v. State*, 922 S.W.2d 497, 500 (Tenn. 1996).

As this Court has previously explained, "due process serves to toll the post-conviction statute of limitations for petitioners who face circumstances beyond their control . . . which preclude them from actively raising their post-conviction claims." *Crystle D. Rutherford v. State*, No. M2013-01575-CCA-R3-PC, 2014 WL 1669960, at *2 (Tenn. Crim. App. Apr. 25, 2014) (citing *Williams*, 44 S.W.3d at 469). The petitioner failed to demonstrate how circumstances beyond his control caused his petition for post-conviction relief to be untimely. Again, the petitioner was aware of the post-conviction process, statute of limitations, and had sufficient knowledge of his case. Yet, the petitioner failed to file anything until nearly two years after he entered his guilty plea. The petitioner failed to show how exceptional circumstances prevented him from timely filing his petition for post-conviction relief or that he diligently pursued his rights. Thus, the petitioner is not entitled to relief.

## Conclusion

Based on the foregoing, we affirm the summary dismissal of the petition for post-conviction relief as untimely.

_____
J. ROSS DYER, JUDGE

- 6 -