IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs February 18, 2021

**FRANKIE JOE ALFRED BENTON v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Hawkins County**
**No. CC-19-CR-228    John F. Dugger, Jr., Judge**

_____

**No. E2020-00864-CCA-R3-PC**

_____

The Petitioner, Frankie Joe Alfred Benton, appeals from the Hawkins County Criminal Court's summary dismissal of his petition for post-conviction relief from his 2013 convictions upon his guilty pleas to nine drug offenses, for which he received an effective nine-year sentence. On appeal, he contends that the post-conviction court erred in dismissing his petition. We affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT H. MONTGOMERY, JR., J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and ROBERT L. HOLLOWAY, JR., JJ., joined.

Frankie Joe Alfred Benton, Butner, North Carolina, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Cody M. Brandon, Assistant Attorney General; James O. Phillips III, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On February 15, 2013, the Petitioner pleaded guilty to six drug-related offenses in Case 12CR118 and to three drug-related offenses in 12CR309. He received an effective eight-year sentence in Case 12CR118, and an effective one-year sentence in Case 12CR309, and the sentences were imposed consecutively to each other, for an effective nine-year sentence. The Petitioner is presently serving a federal sentence, which he alleged in his petition was enhanced based upon the Hawkins County convictions.

The Petitioner filed his post-conviction petition on December 9, 2019. He alleged that the statute of limitations should be tolled because he had no access to a law library or ability to procure records until April 2019, when he was transferred from a county jail to

federal custody. He alleged that, upon examining his court files in September 2019, he learned that his trial counsel had previously served as a juvenile court judge who "sentenced" the Petitioner and that counsel never informed the Petitioner or the trial court of the "conflict" in the present case. The Petitioner alleged additional actions and inaction of counsel, which he characterized as ineffective assistance of counsel. The Petitioner alleged, as well, that he was actually innocent of the offenses. The post-conviction court found that the one-year post-conviction statute of limitations had expired and that no provision for tolling the statute of limitations applied to the Petitioner's case. *See* T.C.A. § 40-30-102 (2018). Thus, the court summarily dismissed the petition as untimely.

On appeal, the Petitioner contends that the post-conviction court erred in dismissing his petition. Citing federal authorities, he argues that he is actually innocent of the conviction offenses and that he received the ineffective assistance of counsel in the conviction proceedings. He has not addressed the issue regarding the statute of limitations for post-conviction actions in the State of Tennessee. The State counters that the appeal is subject to dismissal because the notice of appeal was untimely and that, in any event, the post-conviction court did not err in dismissing the petition as untimely.

First, the State asserts that the appeal should be dismissed because the Petitioner failed to file a timely notice of appeal. Tennessee Rule of Appellate Procedure 4(a) states,

> In an appeal as of right to the . . . Court of Criminal Appeals, the notice of appeal required by Rule 3 shall be filed with the clerk of the appellate court within 30 days after the date of entry of the judgment appealed from; however, in all criminal cases the "notice of appeal" document is not jurisdictional and the timely filing of such document may be waived in the interest of justice.

The post-conviction court's order denying relief was filed on February 25, 2020. On March 27, 2020, the Petitioner attempted to file with the clerk of this court a document titled "Formal Request for Certificate Appealability/Motion for Reversal of Order of 02-25-2020/Plain Error/Prejudicial Violation Fed. R. Civ. P. Timeliness of Motion Due to Actual Innocence of Petitioner. Admission of Prosecutorial Error By Default in Response." The clerk of this court did not file the document and, instead, returned it to the Petitioner. This document was filed in the post-conviction court on April 1, 2020. In a June 5, 2020 order, the post-conviction court denied the Petitioner's April 1 filing and directed the Petitioner that he could file a notice of appeal with this court within thirty days. Thereafter, the Petitioner filed a notice of appeal with the clerk of this court on June 22, 2020. Although the Post-Conviction Procedures Act does not contemplate the filing of a motion to reconsider the final ruling of a post-conviction court, we conclude, based upon the facts of his case, that the interests of justice are served by waiving the timely filing of the notice of appeal.

-2-

Turning to whether the post-conviction court properly dismissed the petition as untimely, we note that post-conviction relief is available within one year of the date of a judgment's becoming final. *Id.* § 40-30-102(a). The Post-Conviction Procedure Act states, "Time is of the essence of the right to file a petition for post-conviction relief . . . , and the one-year limitations period is an element of the right to file such an action and is a condition upon its exercise." *Id.* The statute provides three exceptions:

> (b) No court shall have jurisdiction to consider a petition filed after the expiration of the limitations period unless:
>
> (1) The claim in the petition is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required. The petition must be filed within one (1) year of the ruling of the highest state appellate court or the United States supreme court establishing a constitutional right that was not recognized as existing at the time of trial;
>
> (2) The claim in the petition is based upon new scientific evidence establishing that the petitioner is actually innocent of the offense or offenses for which the petitioner was convicted; or
>
> (3) The claim asserted in the petition seeks relief from a sentence that was enhanced because of a previous conviction and the conviction in the case in which the claim is asserted was not a guilty plea with an agreed sentence, and the previous conviction has subsequently been held to be invalid, in which case the petition must be filed within one (1) year of the finality of the ruling holding the previous conviction to be invalid.

*Id*. § 40-30-102(b)(1)-(3). In addition to the statutory exceptions, due process may require tolling the statute of limitations in certain circumstances. *See Burford v. State*, 845 S.W.2d 204, 108 (Tenn. 1992) ("[D]ue process requires that potential litigants be provided an opportunity for the presentation of claims at a meaningful time and in a meaningful manner.") (citing *Long v. Zimmerman Brush Co*., 455 U.S. 422, 437 (1982)).

When a court receives a post-conviction petition, it must conduct a preliminary review to determine, among other matters, whether the petition is timely and whether it states a colorable claim. T.C.A. § 40-30-106(b), (d) (2018). "If it plainly appears from the face of the petition, any annexed exhibits or the prior proceedings in the case that the petition was not filed . . . within the time set forth in the statute of limitations . . . the judge shall enter an order dismissing the petition." *Id*. § 40-30-106(b).

None of the Petitioner's claims fit within the statutory exceptions to the one-year statute of limitations. *See id.* § 40-30-102(b)(1)-(3). He has not alleged that he is entitled to the protections of a newly established constitutional right, that new scientific evidence establishes his actual innocence, or that his sentence was enhanced based upon convictions that have since been declared invalid. *See id.* In addition, to the extent that the Petitioner alleges he was unable to access a law library and documents related to his case until he was transferred to federal custody in April 2019, we note that this court has previously said that allegations of this nature do not give rise to due process tolling of the statute of limitations. *See Phillips v. State*, 890 S.W.2d, 37, 38 (Tenn. Crim. App. 1994) (involving a petitioner who was incarcerated in another state and alleged lack of access to a law library containing Tennessee materials and lack of access to an attorney or other inmates with knowledge of Tennessee law); *Eric Wooten v. State*, No. W2019-01228-CCA-R3-PC, 2020 WL 1491376, at *4 (Tenn. Crim. App. Mar. 26, 2020) (involving a petitioner who claimed lack of access to the prison library, that the prison was on lockdown, and that he had not received necessary "paperwork"), *perm. app. denied* (Tenn. Aug. 11, 2020).

The post-conviction court did not err in summarily dismissing the petition. The Petitioner is not entitled to relief. In consideration of the foregoing and the record as a whole, the judgment of the post-conviction court is affirmed.

_____
ROBERT H. MONTGOMERY, JR., JUDGE